Chief Justice Robertson,
delivered the opinion of thecourt.
Wall filed a bill in, chancery against Simpson for a specific execution of a contract in writing, whereby, Simpson covenanted to- convey to him the legal title to a tract of land, whenever the whole consideration, ($1200,) should be paid, and to surrender the possession thereof, on the 10th of March, succeeding such entire payment.’
The bill exhibited the covenant, of the import and tenor which have been suggested; and averred that the consideration was payable in six instalments, as follows: $150, payable in the spring, 1827, $150, payable on or before the 10th of March, 1828, $150, payable on or before the 10th of March, 1829, $150, payable on or before the 10th of March, 1830, $150, payable on- orbefore the 10th of March, 1931, and. *156 $450, to be paid in a waggon and harness, whenever it could ‘‘be conveniently done;” and for all which-' instalments,' separate promises were made in wri" ting.
í'he words insertadla” -stipulation to do an act, or ^ntitTeTthe party stipnla-torio at arT" time before the day, and upon perfor-der and refu-mediately111* vested with all the rights fnu'e^attaoh-ed ance on the ■?Ry-
The bill also averred',.that all the-instalments, except the $150;, payable, on or before the 10th of March, 1.83-1, had been paid prior to the institution of this suit, which was on the 24th of December,.!829;, and that the remaining $150,.had been tendered to Simpson,and a conveyance demanded; but, that he refused to take the money and faded to make the-title, and also, said, that he would not surrender the. possession of the land on the 10h of March, 1-830’,. which would'succeed the date of the tender, and of the filing of the bilí. The prayer was, therefore, for a decree for a conveyance and for the surrender of the possession; and'a tender of the $150, was again made in the bill.
The circuit court sustained a demurrer to the bilí., and thereupon dismissed the bid without prejudice. "
The circuit-court was of opinion, as we presume,, that the bill was filed' prematurely, for there is- no other plausible hypothesis for .sustaining the decree..
if-^he 10th of March, 1831,. had been positively-fixed, as the time for paying the last $150, there could no doubt, that the defendant could not have been compelled to receive that instalment, and make a title sooner than that time, nor required to.surrender possession sooner, than the 10th of March, 1832*
But the parties chose to stipulate for paying the ^ast $ 150, on or before the 10th of March, 1831. The plaintiff, therefore, had a right to insist on paying the last instalment “before" the 10th of March, 1831; an(j whenever he paid it, or tendered it, he had a right lo demand a title.
The defendant could not be unjustly prejudiced'of surprised by a payment, pr tender, before the ultimate hour allowed by the'contract, because, the express terms the agreement contemplate the contingency more prompt payment, and provide such security, againsf-surprise, as the defendant chose to repose on, by entitling him to the undisturbed occupancy, until the 10th of March, succeeding th.e last payment. *157 'if the last $ 1 SO, had not been paid or tendered, until the 10th of March, 1831, and the $450, payable in a wagon at any convenient time, bad still remained the plaintiff would not have been entitled to a conveyance, until that payment also had been made, nor would he have been entitled to the possession, until the 10th of March succeeding the date of such payment; but, if he had paid or tendered the $450, ev.en on the 1st of March, 1831, (all other instalments having been paid,) he would have been entitled instantly, to a conveyance, and would have had a right to the possession of the land on the succeeding 10th day of the same month. If the parties intended, that the title should not be demandable before the 10th of March, 1831rana that the defendant should have the right to retain possession until the 10th of March, 1832, the words “on or before,” were inserted without object or design, and should now be considered, as, in effect, obliterated. But this court cannot thus, distort the express contract of the parties. If they intended, that the defendant should not be required, in any event, to make a title before the 10th of March, 1831, or to surrender the possession sooner than the 10th of March, 1832, that intention has not been expressed, and is not to be inferred, auc.h had been the understanding of the parties,.other language, than that which has been employed, should, and probably would have been used.
,Monroe, for plaintiff; Richardeon, for defendant.
It is, therefore, the opinion of this court, that, on paying or tendering the last instalment which remained due, the plaintiff was entitled to a conveyance of the legal title to the land, and that, therefore, although he was not then entitled to the posses sion, be had a right to prosecute his bill in chancery for a title. Whether he had a right to the possession of the land on the 10th of March, 1831, we need not now decide.
Wherefore, the decree of ihe circuit court is.reversed, and the cause remanded, with instructions to overrule the demurrer to the bill, and to permit such proceedings *as shall be necessary, and proper íór a .full and final hearing of the case on its merits.