JOHN L. SCHENCK, Appellant, *vs.* W. P. BALLOU *et al.*
Appellees.

*Opinion filed February 23, 1912.*

1. CONTRACTS—*construction of words "on or before."*  A written contract for the conveyance of property subject to an encumbrance "due on or before two years," means that the encumbrance will mature in two years but may be paid at any time before maturity or at maturity; and under such contract, if the encumbrance is by its terms due before the two years, it is the duty of the proposed vendor to secure an extension, so that the encumbrance will not mature before two years from the date of the contract.

2. SPECIFIC PERFORMANCE—*complainant not entitled to specific performance if he is in default himself.*  A complainant who has failed to comply with his contract to obtain an extension of time on an encumbrance upon the property is not in a position to demand specific performance.

3. SAME—*a contract must be fair and free from misrepresentation.*  Before a court of equity will decree specific performance of a contract the terms of the agreement must be clearly shown, and the contract must have been entered into fairly and understandingly and without material misrepresentation.

APPEAL from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

ROBERT B. CLARK, for appellant.

W. H. HILL, and ERIC WINTERS, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook county dismissing, for want of equity, a bill filed to enforce the specific performance of a contract for the exchange of a flat-building in the city of Chicago for a farm located in the State of Michigan.  The bill was filed by John L. Schenck against W. P. and J. D. Ballou to enforce a written contract entered into December 23, 1910. By the terms of the contract Schenck agreed to convey to

W. P. Ballou a flat-building in Chicago, subject to an encumbrance of $27,500, due on or before two years, for the Michigan farm, containing 1320 acres, subject to an encumbrance of $7500, due in three and a half years. The encumbrance on the flat-building consisted of two several obligations, each secured by a trust deed,—a principal note of $18,000, which by its terms matured November 2, 1910, and another note for $9500, which would come due on October 3, 1912.

It appears from the evidence that on the 23d day of December, 1910, Robert L. Schenck, a brother of appellant and agent for him, submitted to appellee W. P. Ballou a proposition to exchange the flat-building for the farm. Ballou was eighty-three years old at that time and in a feeble state of health. After the proposition was made Ballou was requested to examine the flat-building, which he did. There is a controversy in the evidence as to what was said by Schenck in relation to the extension that would be obtained on the encumbrance on the flat-building. Ballou contends that he refused to consider the proposition unless the encumbrance on the flat-building could be extended five years, and that Robert L. Schenck assured him that such extension would be secured and with that understanding the flat-building was examined. After looking at the flat-building Ballou returned to the office of Robert L. Schenck and informed him that he had seen the property and was satisfied with it, but that he was very much exhausted and dizzy from the exertion of examining the property and did not wish to undertake to close up a contract that day, but upon being urged by Robert L. Schenck to close the matter up at once, the contract in question was drawn up and signed by Ballou. Ballou did not read the contract himself but it was read aloud in his presence. He testifies that Robert L. Schenck told him that the contract was drawn up in accordance with their understanding and that the encumbrance on the flat-building would run for five years,

and thereupon he signed the contract.  On the 26th or 27th of December Ballou again called at the office of Robert L. Schenck and asked for a copy of the contract and Schenck refused to give it to him.  At this time Schenck informed Ballou that the encumbrance on the flat-building would mature in two years, and thereupon Ballou stated that that was not according to the understanding, and he would not carry out the contract and execute a deed unless the encumbrance on the flat-building was extended five years.  At the time of this conversation the contract had not been signed by appellant, but afterwards, on December 31, appellant attached his name to the contract.  On January 27 W. P. Ballou conveyed the farm to his son, J. D. Ballou. There is some evidence tending to show that on or about January 14 appellant tendered W. P. Ballou a deed for the flat-building and a guaranty policy issued by the Chicago Title and Trust Company guaranteeing the title to said property, subject to certain defects, charges and encumbrances, against which the policy did not guarantee.  The alleged tender is denied by W. P. Ballou.  The evidence is conflicting in regard to the alleged tender, and also as to what was said by the parties at the time the contract was written up concerning the time to which the encumbrance should be extended on the flat-building, but in the view that we take of this case it will not be necessary to consider questions of fact about which the evidence is conflicting.

The written contract provides that the flat-building was to be conveyed to W. P. Ballou "subject to an encumbrance of $27,500, at five per cent interest, due on or before two years."  The meaning of this clause in the contract is, that the encumbrance will mature in two years but may be paid at any time on or before maturity.  Such is the uniform construction given to the words "on or before."  (*Wall* v. *Simpson,* 29 Ky. 155; 22 Am. Dec. 72; 6 Words and Phrases, 4967.)  Under this contract the appellant was required to procure an extension of the encumbrance upon

the flat-building for a period of two years from the date of the contract. The deed introduced on the trial as an offer on the part of appellant to convey the flat-building, recites that the conveyance is made "subject to encumbrance of twenty-seven thousand five hundred dollars ($27,500.)" The written contract provided that each party should furnish to the other, within a reasonable time from the date thereof, either a certificate of title issued by the registrar of titles of Cook county, or a complete merchantable abstract of title (or merchantable copy thereof) brought down to cover this deed, or a merchantable title guaranty policy showing a good and sufficient title at the date of the contract in the respective parties to the property agreed to be conveyed by them. Another clause in the contract provided that the conveyance was to be subject to certain taxes and special assessments and other restrictions in regard to buildings, party walls, etc. Appellant elected to furnish a guaranty policy under this contract, and on the trial introduced a policy which had been procured from the Chicago Title and Trust Company as a compliance with the contract. The guaranty policy introduced guarantees the title subject to certain defects and encumbrances set forth in schedule "B" attached to said policy and made a part thereof. In said schedule "B" the encumbrance on the flat-building is described as a certain trust deed dated November 2, 1905, made by William L. Moss and wife to Fred Miller to secure his note for $18,000, due five years after date, with interest at five per cent per annum, payable semi-annually, and another certain trust deed (item 3 in schedule "B") is described as a trust deed dated January 12, 1906, made by William L. Moss to Henry M. Bacon to secure a note dated October 3, 1902, for $9500, due ten years after date. There was no other evidence offered by appellant bearing upon the time when the encumbrance on the flat-building would mature.

It will thus be seen that by the guaranty policy $18,000 of the $27,500 encumbrance on the flat-building was fifty-one days past due when the contract was entered into, and that $9500 of said encumbrance would mature October 3, 1912, which was nearly three months short of the two years the encumbrance was to be extended by the terms of the written contract. Under the terms of the contract it was appellant's duty to procure an extension of the encumbrance upon the flat-building for a term of two years. This he wholly failed to do, and, being himself in default at the time the bill was filed and at the time of the hearing, he is not in a position to call upon a court of equity to compel a specific performance of the contract by the appellees. The rule is well established that before one is entitled to a decree for the specific performance of a contract he must show that he was ready, able and willing to perform the contract on his part. (*Beach* v. *Dyer*, 93 Ill. 295; *Hatch* v. *Kizer*, 140 id. 583; *Skeen* v. *Patterson*, 180 id. 289.) Conceding that appellant is right in his contention that the encumbrance was only to be extended two years, instead of five, as contended by appellees, it clearly appears that he wholly failed to obtain the extension of the encumbrance for the time which he admits it was to be extended. Aside from this, there is another sufficient reason why the court might, in the exercise of that discretion accorded courts of equity in matters of this kind, have well refused a decree for the specific performance of this contract. If appellees are to be credited in their testimony as to the understanding, at the time the contract was drawn up, as to the extension of the encumbrance for five years, then there was either misrepresentation and fraud on the part of the appellant's agent or a serious and material misapprehension of the terms of the contract at the time W. P. Ballou signed it, and in either event a court of equity may properly refuse to decree a specific performance. (*Frisby* v. *Ballance*, 4 Scam. 287; *Bowman* v. *Cunningham*, 78 Ill. 48; *Skeen*

*v. Patterson, supra.*) Before a court of equity will grant a decree requiring a party to specifically perform a contract the terms of the agreement must be clearly shown and it must appear to have been entered into fairly and understandingly. If the terms of the contract are doubtful, or if it appears that there has been any material misrepresentation in its procurement, specific performance will be denied.

There was no error in dismissing the appellant's bill for want of equity, and the decree of the superior court of Cook county is affirmed.

*Decree affirmed.*