## Tharp University School v. Komus Realty Company.

(Decided June 4, 1914.)

Appeal from Jefferson Circuit Court
(Chancery Branch Number 1).

Specific Performance—Contracts Enforceable—Contracts Relating to Real Property.—Specific performance will be denied of a con-

tract incomplete and uncertain as to its material terms. So, where plaintiff and defendant agreed to exchange real estate, plaintiff to pay defendant as part of the consideration of the exchange, three thousand seven hundred and fifty dollars in second lien on the property proposed to be acquired by it from defendant, and the amount of the first lien and time of its maturity, as well as the time of maturity of the second lien, was not agreed upon, the contract is so uncertain that specific performance will not be decreed.

H. J. TILFORD, HELM BRUCE and BRUCE & BULLITT for appellant.

FRED FORCHT, BENJAMIN F. WASHER for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

The Tharp University School sued the Komus Realty Company in the Jefferson circuit court to coerce the specific performance of an alleged contract for the conveyance of real estate, claimed to have been created by the exchange of the following letters.

The first is a letter, dated December 22, 1913, addressed by plaintiff to Mr. Henry Koehler, who, as will be seen from the subsequent correspondence, was president of the Komus Realty Company. It reads as follows:

"Referring to conversation with reference to trading property you own in Cornell Place and Oxford Place just east of the city of Louisville, running from Frankfort Avenue or the Shelbyville Pike to Cherokee Drive, would say we would take for our equity in the property known as Tharp University School, situated on the north side of Zane Street, and fronting on Zane Street, one hundred and thirty-two feet and eight inches, running back northwardly that width throughout, one hundred and seventy-five feet, to an alley—for all ground on what is shown on the plat furnished by you as Oxford Place and two hundred and fifty feet on Cornell Place.

"Title to both properties to be free, other than the mortgage now on the Zane Street property; you to assume taxes on said property for the year 1914; and I am to assume taxes for the year 1914 on the properties, Oxford and Cornell Place.

(Signed) THARP UNIVERSITY SCHOOL,
By W. H. Tharp, President."

To this letter, the Komus Realty Company, on December 29, 1913, replied as follows:

"We have your letter of the 22nd addressed to Mr. Henry Koehler, which was handed to us by Mr. Lithgow Smith, wherein you make a proposition for some of our ground in Komus Sub-Division. As advised Mr. Smith, your proposition is not at all attractive; in fact, could not be considered by us; and at Mr. Smith's request, we have the following proposition to make to you. If it is your desire to take all the property on Oxford Place we will make you the same proposition as outlined in our letter to you March first this year.

"If you wish us to assume the lien on your property at fifteen thousand dollars, we would make the trade, allowing you one-half of the property on Oxford Place, you to pay us three thousand dollars in cash, or three thousand seven hundred and fifty dollars in second lien on said property.

"These propositions are made subject to your acceptance on or before January 5, 1914.

                    (Signed)   KOMUS REALTY CO.,
                            Henry Koehler, President."

Thereafter, on January 5, 1914, Tharp University School addressed the following reply to the Komus Realty Company:

"This is to notify you that your proposition dated Louisville, Kentucky, December 29th, 1913, addressed to Mr. W. H. Tharp, President, Tharp University School, City, is hereby accepted; and we desire to and do now notify you of our acceptance; and further that we elect to make the trade as outlined in your proposition, you allowing us as therein set forth, one-half of the property on Oxford Place, we to pay you three thousand seven hundred and fifty dollars in second lien on said property; and we are now ready, able and willing to promptly carry out the contract. Kindly notify us when it will be convenient to meet you with a view to executing the proper deeds and other necessary papers. We regret that the various discussions we have had cannot lead to a deal for additional ground upon some equitable basis, or to some other arrangement which would have seemed to us more satisfactory. However, as our time expires today for the acceptance of your proposition, you may consider the matter closed and

the proposition accepted, and we will be ready to promptly execute all necessary papers at such times as you will indicate may suit your convenience.

(Signed) Tharp University School,
By W. H. Tharp, President.''

The defendant demurred to the petition upon two grounds: (1), because the description of the real estate mentioned was insufficient; and (2), because the provisions of the alleged contract in respect of the amount of the first lien, and in respect of the time of the maturity of the second lien, were so vague and uncertain as to render the intent of the parties impossible of ascertainment; the particular ground of objection being that clause of the letter of December 29, 1913, wherein it was said: ''You to pay us three thousand dollars in cash, or three thousand seven hundred and fifty dollars in second lien on said property.''

The circuit court held that the description of the property was ''probably sufficient''; but that the terms of the contract in respect of the amount of the first lien, and the time of maturity of the second lien mentioned, were so indefinite as to render specific performance impossible; and sustained the demurrer.

Thereupon, plaintiff filed an amended petition wherein it was alleged that at the time of the negotiations mentioned, defendant knew that the plaintiff was proposing to borrow money from some institution in Louisville, securing the loan by first mortgage upon the property proposed to be acquired by it from defendant; that defendant knew plaintiff would not, according to the usual practice and course of business in Louisville, be able to borrow more than fifty or sixty per cent of the value of the property; and the property being worth eleven or twelve thousand dollars, defendant knew that a second lien thereon for three thousand seven hundred and fifty dollars would be good security for that sum.

The demurrer being insisted upon, the court sustained it to the petition as amended; and plaintiff declining to plead further, the petition was dismissed by the court. Plaintiff appeals.

1. The language of the proposition is: ''You to pay us three thousand dollars in cash, or three thousand seven hundred and fifty dollars in second lien on said property''; and of the letter of acceptance: ''We to pay you three thousand seven hundred and fifty dollars

in second lien on said property." The amount of the first lien is not stated; nor is there any time fixed for the maturity of the second lien.

In 36 Cyc., 597 (Treatise on Specific Performance by Pomeroy), it is said:

"Where payment, by the terms of the contract, is to be deferred, especially where such deferred payment is to be secured by mortgage, but the time of payment is not specified, the uncertainty is fatal."

In Elliott on Contracts, Section 2292, the rule is said to be:

"So, also it is held * * * that a contract for the sale of realty which does not show the time of payment of a mortgage to be given for a part of the purchase price, is also too indefinite to be specifically enforced."

In Moore v. Galupo, 65 N. J. Eq., 194, 55 Atl., 629, the contract provided for a purchase price of fifty four thousand dollars, of which ten thousand dollars was to be paid in cash, the remainder to be secured by mortgage bearing six per cent interest. In that case, the court held that as the time of maturity of the mortgage was not fixed, the contract was not susceptible of specific performance, saying, "The element of uncertainty affects instances of the contract which are of the essence of its obligation. This appears at once when it is attempted to formulate a decree for its specific performance."

In Buck v. Pond, 126 Wis., 382, 105 N. W., 909, it was held that a memorandum of a contract for the sale of land, which contemplated a partial cash payment on a certain day and the giving of credit for the balance of the purchase price, but failed to contain any stipulation as to the terms of the credit and the time of making the deferred payments, was so indefinite and incomplete in a material part that specific performance thereof could not be decreed.

The weight of authority is to this effect, and we believe properly so. It is elementary in the law of specific performance that the contract must be certain and complete in respect of its material parts; and that its material terms must be expressed with such clearness as to enable the court to frame its decree in accordance with the intent of the parties.

This requirement the contract sought to be enforced does not fulfill, either in respect of the amount or terms of the first lien, or in respect of the time of maturity of the second lien, and the court may not make complete for the parties a contract which they have left incomplete and uncertain in its material terms.

Had the allegations contained in the amended petition been included in the contract when it was made, it would still be indefinite in respect of the time of the maturity of the second lien, and that uncertainty, under the authorities referred to, renders the alleged contract incapable of enforcement, even conceding that the description of the property was sufficient.

Judgment affirmed.