## Singer, et al. v. Campbell, et al.

(Decided January 28, 1927.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Specific Performance—Provision in Exchange of Properties Contract for Adjustment Regarding Incumbrances Held Not to Make Contract Unenforceable, as Uncertain—"Certain."—Provision in contract for exchange of properties that, in event incumbrances should be more or less than amount stated, proper adjustment should be made so that each party should assume exact

amount stated, held not to make contract unenforceable, in suit for specific performance, because of uncertainty, since that is certain which can be made certain.

2. Specific Performance—Provision in Exchange of Properties Contract for Refinancing Indebtedness Held Not to Make Contract Unenforceable, as Uncertain, where Provision was Waived.— Provision in contract for exchange of properties, whereby one party agreed to refinance indebtedness on property exchanged by placing new loan, which other party would assume and pay, within 30 days, held not to make contract unenforceable, in suit for specific performance, because of uncertainty, where this portion of contract was waived.

3 Vendor and Purchaser—Where Defendant did Not Point Out Any Defect in Tendered Deed, he Cannot Resist Specific Performance Because of Plaintiff's Inability to Convey According to Contract. —Where defendant, in suit for specific performance of contract for exchange of property, did not point out any defects in title or find fault with deed tendered him by plaintiffs, he could not claim plaintiffs failed to prove ability to convey in accordance with contract.

4. Specific Performance—Burden was on Defendant, in Suit for Specific Performance, to Prove Contention that Plaintiff Procured Execution of Contract by Deceit.—In suit for specific performance of contract for exchange of properties, burden was on defendant to prove contention that plaintiff procured execution of contract by deceit, in that defendant relied on plaintiff's statement that walls of property never became damp.

HENRY J. TILFORD for appellants.

DOOLAN & DOOLAN for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The appellees, whom we will refer to as the Campbells, sued the appellant, whom we will refer to as Singer, to secure specific performance of a contract. They were successful and Singer has appealed. The contract which they sought to have enforced is:

"Louisville, Ky., October 10th, 1924.

"This agreement made between C. A. Singer of the first part and L. F. Campbell and Katie Campbell, his wife, parties of the second part, Witnesseth: That the said party of the first part does hereby agree to convey to second parties the property known as 930 Vine street, with lot 50x195 feet more or less, together with improvements thereon subject to an

encumbrance amounting to $2,800.00. Also subject to the 1925 taxes on said property. In consideration thereof said second parties agree to transfer to said first party their property known as 719 E. Washington street, with lot 25x150 feet, together with improvements thereon subject to an encumbrance of $2,200.00, also 1925 taxes. *In the event encumbrances should be more or less than the amounts hereinabove stated on said properties, a proper adjustment shall be made for any amount above or below the amounts stated herein so that each party shall assume the exact amount as stated above.* Both parties guarantee the titles to said properties to be free and clear of all encumbrances except those stated herein and that said titles shall be good and marketable and insurable by any title company in the city of Louisville, Kentucky. *Said first parties further agree without cost to said second parties to refinance the present indebtedness on said property by placing a new loan or mortgage on said property to the amount of $2,800.00 which second parties shall assume and agree to pay. First party to have 30 days in which to obtain said loan.* Titles to be transferred and possession given of *prospective* properties within 10 days from date thereof."

Singer's demurrer to the petition filed by the Campbells was overruled, and he excepted. This is his first assignment of error. The basis of this contention is that this contract is not certain in its terms, that it is indefinite, and that material parts thereof are left open for future determination. We have italicized those parts of this contract on which he bases this contention. We are not impressed by his contention, so far as the first part of this contract attacked by him is concerned, for it is well recognized that those things are certain which can be made certain, and so far as the adjustment of the amounts of the liens upon these properties is concerned, that is a matter presenting no difficulty. The court could easily, if such a request had been made, have ascertained then the exact amount of the lien upon each of these properties, and if these parties can not make this adjustment, this may yet be done.

The second part of this contract which Singer has attacked for uncertainty was that part wherein Singer

undertook to refinance the indebtedness on the Vine street property, within 30 days by placing a new loan or mortgage thereon for $2,800.00. This refinancing was a burden Singer undertook for the benefit of the Campbells. It was a matter they could waive if they saw fit to do so. Nowhere in their pleadings have the Campbells asked that Singer be required to do this refinancing. They were willing to take the property with the existing $2,800.00 lien upon it, and the Campbells reserved no exceptions to the judgment of the court. The judgment required the Campbells to execute to Singer a deed for the Washington street property, reciting therein the following consideration:

"In consideration of the conveyance by C. A. Singer, individually, and as executor and sole devisee under the will of Lena W. Singer, deceased, to L. F. Campbell and Katie Campbell, his wife, of the certain property known as 930 Vine street, with the lot 50x195 feet more or less, together with the improvement thereon, but subject to an encumbrance thereon amounting to the sum of $2,800.00 and also subject to the 1925 taxes on said property, which said encumbrance and taxes are assumed and agreed to be paid by said L. F. Campbell and Katie Campbell, his wife, and in the event the encumbrance should be more or less than the said $2,800.00 a proper adjustment shall be made for any amount above or below the encumbrance stated, so that L. F. Campbell and Katie Campbell, his wife, shall assume the exact amount of $2,800.00; and the title to said property to be guaranteed as clear of all other encumbrances."

The judgment required Singer to convey to the Campbells the Vine street property, reciting the following in said deed as the consideration therefor:

"In consideration of the foregoing conveyance by L. F. Campbell and Katie Campbell, his wife, to C. A. Singer individually, and as executor and sole devisee under the will of Lena W. Singer, deceased, of the certain property known as 719 East Washington street, with lot 25x150 feet, together with the improvements thereon, but subject to an encumbrance thereon amounting to the sum of $2,200.00, and also subject to the 1925 taxes on said

property, which said encumbrance and taxes are assumed and agreed to be paid by said C. A. Singer, individually and as executor and sole devisee under the will of Lena W. Singer, deceased, and in the event the encumbrance should be more than the said $2,200.00 a proper adjustment shall be made for any amount above or below the said sum of $2,200.00, so that the said C. A. Singer, as aforesaid, shall assume the exact amount, $2,200.00, and the title to said property to be guaranteed as clear of all other encumbrances.''

These quotations from the judgment show the court did not attempt to force Singer to do any refinancing. He has cited Tharp University School v. Komus Realty Co., 159 Ky. 386, 167 S. W. 136, in support of his contention, but in that case an enforcement was sought of the uncertain portion of the contract sued on, whereas in this case, the portion of this contract, which it is claimed is uncertain, has been waived. The demurrer to the petition in the Tharp case was properly sustained, and in this case it was properly overruled.

His next contention is that the Campbells failed to prove their ability to convey in accordance with the terms of the contract. They made and tendered to Singer a deed by which they conveyed him the Washington street property, and Singer did not undertake to point out any defect in their title or find any fault with the deed they tendered him.

The third ground upon which Singer relies for a reversal is that the Campbells procured the execution of this contract by deceit practiced upon him, that deceit consisting in this, that he claims to have asked Mr. Campbell if the walls of the Washington street property ever became damp and that Campbell said they did not. Singer does not contend that this dampness of the walls was a concealed or hidden defect which he could not discover by an examination of this property, but insists that he relied upon what Campbell told him about the condition of the walls. The burden was on Singer to sustain this contention by proof. Campbell testified that Singer made no inquiry and he made no statement about the condition of the walls. Mr. Singer is a real estate man of 28 years' experience. He went through this house, examined it, and we cannot understand why he could not

have discovered then, just as well as later, whether or not these walls were damp, if in fact they were. The proof for the Campbells is that there is no appreciable dampness about these walls. Singer contends that this property, if in good condition, should rent for $50.00 a month, and the proof shows that it was renting for that at the time of this trial, and had been for some time. The evidence for Campbell shows this:

"Q. Did he offer to go through with the trade for additional money? A. For $500.00 he would go ahead and say nothing about it. Q. He wanted $500.00 more after the contract to make the trade? A. He said we might as well give it to him as give it to a lawyer."

That may be the reason that Singer did not want to carry out this contract. It may be that he thought by refusing to do so, he could drive a still better bargain with the Campbells.

The chancellor was in a better position than we are, from his observation of these parties, to grasp and understand this situation, and there is nothing presented in this record to justify us in disturbing his finding.

The judgment is affirmed.