Harold Trimble v. Elsie Maude Hart, *et vir,* and S. R. Hart, and Hart-Trimble, Inc.

177 So. 710.
Division A.
Opinion Filed December 17, 1937.

*Jacob Ginsberg* and *Scarlett & Futch,* for Appellant;
*Ray Selden* and *John R. Parkinson,* for Appellees.

Buford, J.—The appeal brings for review the following order:

"This day this cause coming on to be heard on the Motion to Dismiss the Motions to Dismiss Parts of Bill of Complaint filed herein by the defendants, Elsie Maude Hart, joined by her husband, S. R. Hart, and S. R. Hart, and the matter having been argued by counsel, it is thereupon, upon

consideration thereof, ordered, adjudged and decreed as follows:

"One. That said Motion to Dismiss be and the same hereby is granted without leave to the Plaintiff to amend.

"Two. That said Motions to Dismiss Parts of Bill of Complaint are not considered.

"Three. That an exception be allowed to each party as his or her interest may be adversely affected by this Order.

"DONE, ORDERED, ADJUDGED and DECREED in Chambers at Daytona Beach, Volusia County, Florida, this 15th day of April, A. D. 1937."

The record shows that motions had been made and granted to dismiss an original bill of complaint and an amended bill of complaint.

The prayer of the second amended bill of complaint is:

"1. That this Court has jurisdiction of the subject matter and all the parties hereto, and that the equities are with the plaintiff herein.

"2. That an accounting be had under the direction of the Court of the income and profits of the retail drug business, including the income from the slot machines, which was managed by plaintiff until May 31, 1936, and which has been managed since by the defendants, and that all such income and profits be decreed to belong to Hart-Trimble, Inc.

"3. That this Court require that the lease covering the store, situated at the northeast corner of North Atlantic Avenue and Main Street, Daytona Beach, Florida, be transferred by defendants to Hart-Trimble, Inc., and that they be required to transfer to such company any interest they may claim in the stock of goods now in said store.

"4. That this Court require the defendant, S. R. Hart, as president of the said Hart-Trimble, Inc., to cause fifty

per cent. (50%) of the capital stock of such company to be issued to the plaintiff, subject to the lien of defendants on such stock for any sum remaining unpaid to them in excess of the Five Hundred ($500.00) Dollars contributed by plaintiff.

"5. That the Court grant such other further and general relief not inconsistent with the relief herein sought as may be according to equity and good conscience, although not specifically anticipated and prayed herein."

The allegations of the bill of complaint were not sufficient to show the consummation of a corporation, under the laws of Florida, under the name of Hart-Trimble, Inc. At most, the allegations of the bill of complaint show that there was a verbal agreement between the appellant, Harold Trimble, on the one part and Elsie Maude Hart and her husband, S. R. Hart, on the other part, to 'enter into and conduct a drug business in Daytona Beach, Florida; that the Harts invested $3,750.00 in the business and Harold Trimble invested $500.00 in the business; that the parties agreed to form a corporation and that Elsie Maude Hart and her husband, S. R. Hart, were to have a 50% interest in the business and Harold Trimble was to have a 50% interest in the business; that 50% of the corporate stock was to be issued Elsie Maude Hart and her husband, S. R. Hart, and 50% of the said stock of the corporation was to be issued to Harold Trimble, but not until his one-half of the profits had gone back into the business to the extent of $4,250.00.

So under the allegations of the bill of complaint it appears that Elsie Maude Hart and her husband, S. R. Hart, were to own one-half of the business as represented by one-half of the corporate stock as an estate by the entireties, while Harold Trimble was to own the other one-half of the business or one-half of the corporate stock subject to the payment out of the profits of the business of $4,250.00.

There is no allegation in the bill of complaint that that one-half of the profits from which the said $4,250.00 was to be paid, has ever accrued; there is no allegation in the bill as to the par value of the corporate stock which was to be issued by the corporation; there is no allegation that any corporate stock has been issued to anybody and there is no allegation that the alleged corporation or either or both of the Harts are indebted to Harold Trimble in any sum whatever. There is no allegation that there was any agreement in writing concerning any of the matters or things complained of.

The bill of complaint shows on its face that Elsie Maude Hart is under the disability of coverture and, therefore, not competent to contract or be contracted with.

The bill of complaint shows that whatever property was ever put into the venture or now exists in the enterprise as property of the Harts is held by them in an estate by the entireties and, therefore, the interest of Elsie Maude Hart in that property cannot be subjected to answer for or be applied to, or controlled by any contract or agreement made by a third party with S. R. Hart without the consent in writing of Elsie Maude Hart.

The alleged parol contract cannot be enforced because Elsie Maude Hart is a married woman whose disabilities of coverture have not been removed. But, aside from this, the bill of complaint fails to allege the terms and conditions of the verbal contract relied upon.

The allegations of the bill of complaint do not show a meeting of the minds of the parties upon the terms of the contract the specific performance of which is sought to be enforced and for that reason also specific performance may not be had. Pressed Steel Car Co. v. Hansen, 137 Fed. 403, 71 C. C. A. 207, 2 L. R. A. (N. S.) 1172; Jones v. Patrick (C. C.) 145 Fed. 440; Williams v. Stewart, 25

Minn. 516, McKnight v. Broadway Investment Co., 147 Ky. 535, 145 S. W. 377; Schenck v. Blallou, 253 Ill. 415, 97 N. E. 704, Ann. Cas. 1913A, 251; Talmadge v. Arrowhead R. Co., 101 Cal. 367, 35 Pac. 1000; Tharp University v. Komas Realty Co., 159 Ky. 386, 167 S. W. 136; Ward v. Newbold, 115 Md. 689, 81 Atl. 793, Ann. Cas. 1913A, 919; Strack v. Roetzel (Okl.) 148 Pac. 1017. See also Ellis v. Treat, *et al.,* 236 Fed. 120, and Calumet Co. v. Oil City Corp., 114 Fla. 531, 154 Sou. 141.

The granting of decree of specific performance is recognized as being largely discretionary. It follows that unless it is made to appear that the action of the Chancellor constituted an abuse of judicial discretion, his orders and decrees in cases of this sort should not be disturbed.

We hold that the second amended bill of complaint did not state a cause of action upon which the Court could grant relief against a married woman and involving property held by the married woman and her husband as an estate by the entireties. So the order should be, and is affirmed.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.