CARROLL, Judge.
The appellee Muriel Berlin sued the appellant Benjamin Berlin for alimony unconnected with divorce, under § 65.09, Fla. 'Stat'., F.S.A. The defendant husband counterclaimed for divorce and for determination of property rights. With reference to the latter, the counterclaim alleged the parties owned certain real estate as tenants by the entireties and jointly owned ‘other property, and listed certain securities as standing in the name of the wife in which- the husband claimed ownership of a one half interest. The husband’s claims of ownership of an interest in property standing in the wife’s name were denied by 'the wife in her answer thereto.
On final hearing the chancellor dismissed the wife’s suit for alimony unconnected with' divorce, and dismissed the husband’s suit for divorce. The chancellor also dismissed the counterclaim as to the property, without prejudice, on the ground (as stated in the order denying petition for rehearing) that the court was without jurisdiction to 'rule thereon.
This appeal, taken by the husband, involves only the last mentioned feature of the chancellor’s decree, that is the refusal to rule on the property rights.
The ruling of the chancellor which is challenged on appeal was eminently cor-irect in denying the prayer “for division of property, both real and personal.”. But the chancellor was in error in concluding he was without jurisdiction to rule on the merits of the husband’s claim, placed in issue by the pleadings, that he was the owner of an undivided one half interest in certain securities held by the wife, relief as to which was requested in paragraph “(c)” of the prayer.
 The matters just referred to are controlled by the cases of Randall v. Randall, 158 Fla. 502, 29 So.2d 238, and Smith v. Smith, Fla.1964, 160 So.2d 697. In those decisions the Supreme Court recognized that where the parties remain married the chancellor should not decree liquidation of the husband’s property or a property division, but held that such rule does not prevent adjudication of a dispute between them involving ownership of property. Therefore we hold, on authority of Randall -v. Randall and Smith v. Smith, supra, that the issue based on the husband’s claim that he was the owner of or equitably entitled to a one half interest in certain personal property held by the wife, should have been tried and determined.
Accordingly the decree appealed from is affirmed in part and reversed in part, and the cause is remanded for further proceedings not inconsistent herewith.
Affirmed in part and reversed in part and remanded.