CARROLL, Judge.
In a suit for separate maintenance the appellant sought alimony unconnected with divorce under § 65.09, Fla.Stat., F.S.A. The final decree awarded her alimony in the amount of $800 a month, the use of the jointly owned furnished residence of the parties, attorney’s fees and certain costs. Her appeal is directed to certain features of the decree.
The defendant husband counterclaimed for divorce, charging the wife with adultery. Also, he sought to set aside certain transfers of property and corporate stock which he had caused to be made to her. As to the latter he alleged he had .placed the same in their joint names out of love and affection, believing her to be a faithful wife; that she had been unfaithful as therein alleged, and that had he known of it he would not have done so; that the transfers were without consideration and were “acquired through fraud and deception,” for which she should be divested therefrom.
On the issues raised regarding the stock, the chancellor ruled in favor of the husband, and found the stock was placed in the joint names of the parties by the husband “solely for estate purposes, and were not meant to be gifts to her.” By the final decree, as amended by a subsequent order, it was held that the wife was entitled to retain stock which stood in her name in Porterfield Industries, Inc. (a 1% interest), and as to the corporate stock she owned jointly with the husband in two other corporations, Miami Metal, Inc. and Alloyed Metals, Inc., it was held that the wife should transfer her interest therein to the husband.
The grounds for divorce relied on by the wife as the basis of her claim for alimony were clearly established on the trial. The husband’s counter-allegations of adultery on the part of the wife were held not proved, and the decree denied his counterclaim for divorce.
This appeal by the wife raises three questions. First, she contends the chancellor was in error in divesting her of her interest in the jointly owned stock in the two corporations. Second, she contends the alimony allowance was inadequate. Third, she objects to the failure of the chancellor to allow certain additional suit money and costs. The second and third contentions presented by the appellant have been considered and are found to be without merit. The matter of fixing alimony and the allowance of costs in such a suit is largely discretionary, and it is not established on the record that rulings of the chancellor thereon were an abuse of discretion. The appellant’s first contention, relating to corporate stock which she owned jointly with the husband, has merit and that portion of the decree must be reversed.
The ownership of the stock was properly litigated in the separate maintenance suit because the husband’s claim of ownership was made an issue and was tried. See Randall v. Randall, 158 Fla. 502, 29 So.2d 238; Smith v. Smith, Fla.1964, 160 So.2d 697. However, the chancellor’s conclusion that in making the wife a joint owner of the stock the husband did so for “estate purposes” and did not intend a gift to the wife is not sustainable on the record.
*18 In the counterclaim the husband stated' he made the transfer to the wife out of love’ and affection (a sufficient consideration between spouses), but that had he known that she was not a faithful "wife he would not have done so. Although he alleged as a conclusion that she had acquired the stock through fraud and deception no facts thereof were alleged. Móre'óvei1, that allegation, in turn, relied on his contention of her unfaithfulness, which the chancellor held was not proved. Thus the husband, failed to establish a right to the wife’s stock on the basis of any material allegation in his counterclaim.
What the chancellor considered to be a “transfer for estate purposes” was shown by testimony of the husband and his accountant to have been an intentional transfer to the wife to create ownership in an estate by the entireties, in order to take advantage of the right of survivorship so that in event of his death his share of the stock would pass to her without the need for probate. That did not constitute’ a transfer -to take effect in the future or upon his •death, but amounted to creation o.f a present estate or gift to the wife for the stated purpose. This is so because in order to achieve the intended object of having the property pass by right of survivorship it was necessary that the survivor be a joint owner thereof prior to and at the time of the death .of the other. Inasmuch as the ’ husband created the estate by the entireties for that -purpose, and proved no other basis for setting the transaction aside, the wife was improperly divested of her jointly held stock interest in the two corporations. In a sepa•rate maintenance action there is no basis for divesting one party of his or her prop■erty in 'favor of the other, except where by •due allegations and proof it is established that certain contested property of the one rightfully belongs to’ the other. Smith v. :Smith, supra.
The record reflects recent differ- • enees between the parties as to" manage:ment of these corporations, in which the bulk of the stock' is thus held jointly by them. Those áre practical difficulties between the parties which may be dealt with elsewhere with reference to their respective rights as delineated under the law relating to corporations.
Since it appears from the record that the income available to the husband is from the corporations in question, upon remand of the cause it would not be inappropriate for the chancellor to consider revision of the alimony award to the extent he may determine the financial circumstances of the parties, as altered by this opinion, may reasonably prompt or require.
Accordingly the decree is affirmed in part and reversed in part, in the- respects set out above, and the cause is remanded for further proceedings not inconsistent herewith.
Affirmed in part and reversed in part and remanded.