**Alfred LEONE, Plaintiff-Appellant,**

**v.**

**David PUTNAM, Defendant-Appellee.**

**No. 72–1295**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Aug. 23, 1972.

Murray B. Weil, Jr., Miami Beach, Fla., for plaintiff-appellant.

Gerald S. James, Fort Pierce, Fla., for defendant-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

We affirm the holding of the district court that it could not grant specific performance of a contract for the sale of corporate stock which was held by husband and wife in an estate by the entireties, when only the husband signed the contract to sell.

Under Florida law, when stock is held in the joint names of both spouses, even if purchased with the husband's own funds, an estate by the entireties is created unless there is an expressed intention to the contrary. Lapp v. United States, 316 F.Supp. 386 (S.D.Fla.1970); Porterfield v. Porterfield, 181 So.2d 16 (Fla.App.1965). See Matthews v. McCain, 125 Fla. 840, 170 So. 323 (1936).

Such an estate is not subject to alienation or specific performance without the joinder of both owners. Trimble v. Hart, 130 Fla. 396, 177 So. 710 (1937); Naurison v. Naurison, 132 So.2d 623 (Fla.App.1961); Newman v. Equitable Life Assur. Soc., 119 Fla. 641, 160 So. 745 (1935); 17 Fla.Jur. Husband and Wife § 27, at 87 ("And since an estate by the entireties is vested in husband

---

3. No attempt has been made to bring this interlocutory appeal under 28 U.S.C. § 1292(b).

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al, 5th Cir. 1970, 431 F.2d 409. Part I.

and wife as one person, neither spouse can sell, forfeit, or encumber any part of the estate without the consent of the other, nor can one spouse alone lease it or contract for its disposition.").

Affirmed.