803 P.2d 454

**Ned DALEY and Velma Daley, His Wife, Plaintiffs/Appellees,**

v.

**M.P. EARVEN and Mary Alice Earven, His Wife, Defendants/Appellants,**

**Camelot Village, Inc., Permissive Intervenor/Appellee.**

**No. 2 CA–CV 90–0046.**

Court of Appeals of Arizona, Division 2, Department A.

Dec. 11, 1990.

Reconsideration Denied Jan. 15, 1991.

---

Jack M. Williams, Safford, for plaintiffs/appellees.

M.P. Earven, Safford, in pro. per.

Michael A. Carragher, Scottsdale, for defendants/appellants.

Warnicke & Littler by Thomas E. Littler, Phoenix, for permissive intervenor/appellee.

## OPINION

LACAGNINA, Judge.

In this appeal from post-judgment orders of the trial court, we affirm the jurisdiction of the court to exercise its inherent power and duty to enforce its own judgment. In 1980 the court entered a decree of specific performance of a lease and option to purchase. The facts supporting the judgment are stated in this court's opinion affirming the judgment. *Daley v. Earven*, 131 Ariz. 182, 639 P.2d 372 (App.1981).

The 1980 judgment for specific performance enjoined M.P. and Mary Alice Earven, their agents, employees or anyone acting by, for or through them, from interfering with the Daleys' peaceful possession of the real property leased and purchased, and provided that, unless otherwise agreed to in writing, future payments for the purchase price would be made through the superior court.

Specifically, the judgment provided that $116,000 was due on or before April 1, 1981, with the balance payable in installments beginning April 1, 1982, and a like payment *on or before* the first day of each and every April thereafter until the purchase price was fully paid. The appeal did not contest the *on or before* provision of the judgment, and therefore is res judicata and not an issue in this appeal from the orders enforcing the judgment.

After the March 20, 1980 judgment was entered, the Earvens created certain encumbrances against the property in favor of their relatives. Pursuant to a petition for order to show cause, the trial court held three hearings in 1989 which resulted in

the following orders, relevant to this appeal:

### October 11, 1989

1. Finding the present balance owed on the mortgage securing Plaintiffs' purchase of Defendants' farmland is $58,-206.96 of which $6,027.10 is owed to Defendants, EARVEN, and $52,179.86 is owed to Equitable Agri–Business, Inc. on the underlying mortgage, which sums represent the sums owed by Plaintiffs as of August 23, 1989. As of September 1, 1989, the sums owed shall be $6,026.25 to the Defendants and $52,282.57 to Equitable for a total sum of $58,308.82.

### January 15, 1990

2. That there is no prohibition against prepayment of the Note and Mortgage executed by Plaintiffs and delivered to Defendants; and ...

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That upon payment by Plaintiffs of the Equitable mortgage in full and recording of the release thereof, Defendants shall deliver to Plaintiffs appropriate documents to quiet Plaintiffs' title to the property described in Exhibit "A" attached hereto and by this reference made a part hereof, of all matters in which they claim or appear of record to claim any interest therein and to give Plaintiffs good, clear and marketable title in fee simple, free and clear of any further claims Defendants, or those claiming under them may have thereto, including: Appropriate releases and disclaimers of interest of any estate, right, title, lien, or interest in or to the real property the subject of this action or any part thereof arising or appearing to arise from any of the following instruments:

\*   \*   \*   \*   \*   \*

In the event the foregoing matters are not released and discharged of record within five (5) days of the date of this Order, or within five (5) days of the recording of the release of the Equitable mortgage, whichever occurs last, the Court shall enter its Order releasing and discharging these apparent clouds upon the title of the Plaintiffs.

Earvens argue on appeal that the superior court lacked jurisdiction to enter the orders because (1) Ariz.R.Civ.P. 60(c), 16 A.R.S., was not used, (2) the court could not order prepayment, and (3) the trial court could not permit intervention or consolidation of two other pending actions involving the encumbrances placed on the property after the initial judgment. We reject each argument.

■ Rule 60(c) has no application to petitions for enforcement of a judgment. The superior court has inherent power to enforce its own judgments by subsequent orders when asked to do so. Am.Jur.2d *Judgments* § 898 at 1032 (2nd ed. 1969) states:

**§ 898. Court's control.**

Courts have inherent power to enforce their own judgments and should see to it that such judgments are enforced when they are called upon to do so. To deprive a court of power to execute its judgments is to impair its jurisdiction, and the general rule is that every court having jurisdiction to render a particular judgment has inherent power and authority to enforce it and to exercise equitable control over such enforcement. Thus, a court of equity has inherent power to enforce its decrees. A court of equity retains and possesses the power to control the manner of the execution of its decree, and has the inherent right to modify, by a subsequent order, the manner in which it shall be enforced. \* \* \*

The court has authority to inquire whether its judgment has been executed, and will remove obstructions to the enforcement thereof. Such authority extends ... to such orders and such writs as may be necessary to carry the judgment into effect and render it binding and operative,.... [Footnotes omitted].

The Daleys were entitled to the benefits derived from the initial judgment, affirmed on appeal, without interference from the Earvens. The court correctly held hearings to determine what amounts were due

to pay the balance of the purchase price ordered by its judgment and to determine that amount from the clerk of the court who had received the payments since the 1980 judgment pursuant to court order. The court could have held the Earvens in contempt for failing to comply with the 1980 judgment or could have made appropriate orders to carry out the terms of the judgment. It chose to enforce the terms of the judgment and had inherent jurisdiction to do so. *Akers v. Stephenson*, 469 S.W.2d 704 (Ky.App.1970). The terms of the judgment provided for installment payments to be made *on or before* April 1 of each year. When a debt is payable on or before a certain day, the obligor has the right to discharge the debt at any time before the time stated. 60 Am.Jur.2d *Payment* § 15 at 889 (2nd ed. 1987); *Schenck v. Ballou*, 253 Ill. 415, 97 N.E. 704 (1913). The trial court properly found that its 1980 judgment did not prohibit prepayment of the note and mortgage created by the judgment. If the 1980 judgment erroneously permitted prepayment without penalty, res judicata prevents that issue from being argued in this case by the Earvens' failure to raise it in their appeal from the 1980 judgment. *De Gryse v. De Gryse*, 135 Ariz. 335, 661 P.2d 185 (1983).

The consolidated cases all affected the enforcement of the 1980 judgment because they involved encumbrances placed on the property after the judgment. In order to give full force and effect to its judgment and orders enforcing the judgment, the trial court properly exercised its discretion and power to join the cases. The companion cases interfered with enforcement of the prior judgment. *Akers v. Stephenson, supra.*

Earvens argue that Judge Carruth had no authority to consolidate Case No. 13100 because Dale and Evelyn Earven had noticed a change of judge pursuant to Ariz. R.Civ.P. 42(f), 16 A.R.S. Assuming their position is correct, only Dale and Evelyn Earven could appeal from the court order. No notice of appeal has been filed by Dale and Evelyn Earven. M.P. and Mary Alice Earven had no grounds to file a notice of

change of judge, and may not argue Dale and Evelyn's issue on appeal.

The 1980 judgment for specific performance, affirmed on appeal by this court, settled the rights to the property between the Earvens and the Daleys. Earvens failed to comply with the judgment. The trial court correctly exercised its inherent power and jurisdiction to enter orders in 1989 and 1990 enforcing its 1980 judgment. We affirm.

LIVERMORE, P.J., and HATHAWAY, J., concur.