NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

AMANDA THEON POTTS WILD, *Petitioner/Appellant,*

*v.*

ALEXANDER PETER DAYER WILD, *Respondent/Appellee.*

No. 1 CA-CV 15-0366 FC
FILED 4-21-2016

Appeal from the Superior Court in Maricopa County
No. FC2012-000286
The Honorable Timothy J. Thomason, Judge

**AFFIRMED**

COUNSEL

Burt Feldman Grenier, Scottsdale
By Sandra Burt
*Co-Counsel for Petitioner/Appellant*

Melinda K. Cekander PLLC, Heron, Montana
By Melinda K. Cekander
*Co-Counsel for Petitioner/Appellant*

Amicus Law PLLC, Mesa
By Marisa Kotalik
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Patricia K. Norris joined.

---

**P O R T L E Y**, Judge:

¶1          Amanda Theon Potts Wild ("Mother") appeals the denial of her post-decree petition to modify legal decision-making and parenting time.  For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2          Mother and Alexander Peter Dayer Wild ("Father") were divorced in 2013.  They resolved the issues related to their two minor children by entering into a parenting agreement providing for joint legal decision-making, equal parenting time for their older child, and more limited parenting time for Father with the younger child.  The agreement required Father to submit to an independent psychological evaluation and participate in counseling.  And Father's parenting time with the younger child would automatically increase upon completion of a "successful" psychological evaluation as determined by the parenting coordinator.[1]  The family court expressly found the parenting agreement to be in the children's best interest and it was merged into the decree.

¶3          Fourteen months later, Mother filed a petition to modify legal decision-making and parenting time and to enforce the terms of the decree.  She sought sole legal decision-making and a reduction in Father's parenting time.

¶4          Following an evidentiary hearing, the family court denied Mother's petition, finding there was no substantial and continuing change in circumstances warranting modification.  Moreover, and following the recommendation of the parenting coordinator, the court increased Father's

---

[1] As part of the parenting agreement, the parties stipulated to the appointment of Dr. David Weinstock as a parenting coordinator.  Thereafter, the court entered an order appointing Dr. Weinstock.

parenting time with the younger child pursuant to the terms of the decree.[2] The order also enforced the terms of the decree by ordering Father to continue both individual and family counseling and follow all recommendations of the counselors. Mother filed a timely appeal and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).[3]

**DISCUSSION**

¶5        The family court has continuing jurisdiction to modify provisions of a decree relating to legal decision-making and parenting time. *See LaPrade v. LaPrade,* 189 Ariz. 243, 246, 941 P.2d 1268, 1271 (1997). When a party requests modification, "it must be shown that the welfare of the child will be advanced by the change." *Andro v. Andro*, 97 Ariz. 302, 305, 400 P.2d 105, 107 (1965). The family court is in the best position to determine whether modification is in the child's best interest, and we will not disturb its decision absent an abuse of discretion. *See id.* at 305, 400 P.2d at 107-08.

**I.        Mother's Petition**

¶6        The first issue on appeal is whether the family court abused its discretion "in failing to realize that there was a continuing change in circumstances." Mother acknowledges that a court must find a "material change in circumstances affecting the welfare of the child" before it can modify legal decision-making or parenting time. *See Canty v. Canty*, 178 Ariz. 443, 448, 874 P.2d 1000, 1005 (App. 1994). The "change of circumstances rule" is an application of the principle of res judicata. *See Ward v. Ward*, 88 Ariz. 130, 134-35, 353 P.2d 895, 898 (1960). As our supreme court explained in *Ward*:

> The court, in issuing the original decree, found that the arrangement, therein set out was for the best interests of the child. No appeal having been taken, this decision became final, upon the facts then before the court, and no alteration will be made without a showing that the factual situation has

---

[2] Dr. Weinstock recommended in March 2015 that Father's parenting time with the younger child be increased, pursuant to the terms of the decree, because Father had completed a successful psychological evaluation. Mother objected to the recommendation.

[3] We cite the current version of the applicable statutes absent changes material to this decision.

changed to such an extent that the original decree can no longer reasonably be expected to serve the purpose.

*Id.* at 135, 353 P.2d at 898 (emphasis omitted). And the family court has broad discretion to determine whether a change of circumstances has occurred, and we will not disturb its decision absent a clear abuse of discretion. *Pridgeon v. Superior Court*, 134 Ariz. 177, 179, 655 P.2d 1, 3 (1982).

¶7 As the party seeking modification, Mother had the burden of establishing a change in circumstances. *See Galbraith v. Galbraith*, 88 Ariz. 358, 364, 356 P.2d 1023, 1027 (1960). She argued that Father's failure to comply with the terms of the decree constituted a change in circumstances. Specifically, she argued that Father had: (1) lied about his participation in anger management classes, (2) failed to participate in therapy, (3) failed to submit to a psychological evaluation, and (4) failed to follow the family counselor's recommendations.

¶8 In response to the petition, the family court held an evidentiary hearing, took testimony from both parents and the family counselor, and reviewed the deposition of the psychologist who evaluated Father. Following the hearing, the court determined there was no substantial and continuing change in circumstances.

¶9 Although acknowledging that Father had initially "fallen short on agreed upon therapies and counseling," the family court concluded that Father was now "working in good faith." Specifically, the court found that Father had completed an independent psychological evaluation indicating no significant psychological problems, and that Father, by the time of the hearing, was participating in both individual and family counseling. The court also considered how Mother's proposed modification would affect the children, and concluded that "reducing Father's parenting time would unnecessarily damage [h]is relationship with his Children."[4]

---

[4] It is "the declared public policy of this state . . . that absent evidence to the contrary, it is in a child's best interest: 1. To have substantial, frequent, meaningful and continuing parenting time with both parents [and] 2. To have both parents participate in decision-making about the child." A.R.S. § 25-103(B).

¶10        The record supports the family court's conclusion that there was no material change in circumstances affecting the welfare of the children.  Accordingly, we affirm the denial of Mother's petition.[5]

## II.        Increased Parenting Time for Younger Child

¶11        Mother also argues that the family court abused its discretion by "implementing the next step of parenting time for Father" with the younger child pursuant to the terms of the decree.  We disagree.

¶12        The decree provided that:

> Upon receipt of Father's psychological evaluation and confirmation from the parties' Parenting Coordinator that the psychological evaluation does not present any concerns for increased parenting time for Father (i.e. a "successful" evaluation), Father's parenting time shall increase . . . .

The decree established a schedule by which Father's parenting time with the younger child would gradually increase over time.

¶13        Dr. John Beck completed a psychological evaluation of Father.  As part of the evaluation, Dr. Beck spoke with and reviewed the progress notes of the family counselor.  Dr. Beck's evaluation concluded that Father's prognosis is good "once he completes a true course of anger management therapy which he has now started."  In his deposition, Dr. Beck stated that "[a]s a professional and evaluator, I don't feel there's really any significant

---

[5] In her opening brief, Mother argues for a "good faith extension of the law regarding change in circumstances and best interests of the children."  She argues that "[b]y focusing on Father's words and short-term action, the trial court . . . did not focus on Father's pattern of behavior or whether that pattern of behavior was in the best interests of the children."  We decline her invitation.  In determining whether there was a material change in circumstances, the family court properly focused on events occurring after the entry of the decree.  *See Chaney v. Chaney*, 145 Ariz. 23, 25, 699 P.2d 398, 400 (App. 1985) (noting that the "change of circumstances must occur after the entry of the original decree in order to be material"); *Richards v. Richards*, 137 Ariz. 225, 226, 669 P.2d 1002, 1003 (App. 1983) ("The changed circumstances alleged must be proved by a comparison with the circumstances existing at dissolution.").

. . . psychological problems." The parenting coordinator reviewed Dr. Beck's evaluation and recommended an increase in Father's parenting time.

¶14 The court adopted the recommendation over Mother's objection, and increased Father's parenting time with the younger child consistent with the schedule in the decree.[6] Because the court had authority to enforce the terms of the decree, we affirm. *See* Ariz. R. Fam. L. Proc. 91; *Daley v. Earven*, 166 Ariz. 461, 463, 803 P.2d 454, 456 (App. 1990) ("Courts have inherent power to enforce their own judgments and should see to it that such judgments are enforced when they are called upon to do so.") (citation omitted).

## III.   Attorneys' Fees

¶15 Although the family court denied Mother's petition, the court awarded her $2,592.50 in attorneys' fees pursuant to A.R.S. § 25-324. On appeal, Mother argues "[t]he fee award was too low."

¶16 Section 25-324 authorizes the family court to award attorneys' fees after considering "the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324(A). We review an award of fees under § 25–324 for an abuse of discretion. *See MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 36, 250 P.3d 1213, 1221 (App. 2011).

¶17 Applying § 25-324, the family court found that Mother had greater financial resources and both parties acted unreasonably:

> Father acted unreasonably in the litigation and steps before the litigation. . . . While the [c]ourt does not believe that Father's actions merit a change in legal decision-making or parenting time, an award of fees is in order. At the same time, however, the [c]ourt believes that Mother's positions have been extreme and motivated by self-interest. This factor will be considered in determining the amount of fees to award.

In light of the court's assessment, we find no abuse of discretion. *See MacMillan*, 226 Ariz. at 592, ¶ 38, 250 P.3d at 1221 ("[T]he trial court is in the

---

[6] The court found that "[b]oth parents appear to have good relationships with both Children" and there was "no evidence that Father presents a danger to his Children."

best position to observe and assess the conduct of the parties before it."). Accordingly, we affirm the family court's award of attorneys' fees.

¶18            Both parents seek an award of attorneys' fees on appeal pursuant to § 25-324.  In the exercise of our discretion, we decline to award fees.  As the prevailing party on appeal, Father is entitled to his appellate costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶19            Based on the foregoing, we affirm the decision of the family court.



Ruth A. Willingham · Clerk of the Court
FILED: ama