**AMEDEE J. LAMOUREUX, LA MONT INC.,** a corporation under the laws of Florida, and **LAURA TRYON,** v. **CLAIRE D. LAMOUREUX.**

25 So. (2nd) 859         January Term, 1946
March 1, 1946         En Banc
Rehearing denied March 29, 1946

*Thomas H. Anderson,* for appellants.
*George E. McCaskill,* for Appellee.

TERRELL, J.:

Appellant and appellee were married in Massachusetts in September, 1919. In March, 1929, they moved to Miami, Florida and engaged in the laundry and dry cleaning business. They both worked diligently, the business grew and they prospered. In October, 1935 they organized La Mont, Inc., a corporation and conveyed the major portion of their business and property to it. Domestic troubles later ensued and in August, 1944 appellee filed her amended bill of complaint praying for separate maintenance and an equal share in the laundry and dry cleaning business. The prayer for relief is predicated on the ground that plaintiff is entitled to divorce for extreme cruelty, habitual indulgence in a violent and ungovernable temper, habitual intemperance and adultery.

At final hearing on bill and answer the chancellor found the equities to be with complainant and decreed in substance as follows:

"(1) That the defendant pay complainant $165.00 per month separate maintenance, the first payment to be made in May 1945.

"(2) That the defendant pay the principal, interests, taxes and insurance on the home and the laundry, including the

lands described in the bill of complaint, and the mortgages covering them.

"(3) That the home is owned by complainant and defendant by the entireties and that complainant have the use and income therefrom.

"(4) That complainant is the owner of an undivided one-half interest in certain lands the title to which is held in trust by La Mont, Inc., for complainant, and that said corporation be required to make conveyance of such interest to complainant.

"(5) That complainant is the owner of one-half interest in certain other lands referred to in the bill, the title to which is in defendant, in trust for complainant and that he convey such interest to her.

"(6) That defendant be enjoined from entering the home or from molesting plaintiff in her occupancy of it.

"(7) That complainant has no interest in La Mont Inc., and that she be required to convey to defendant any stock certificate held therein.

"(8) That defendant pay complainant her attorneys fees in the sum of $1,500.00. *This appeal is from the final decree.*"

An examination of the record reveals ample evidence to support the finding of the chancellor that grounds for divorce existed in favor of complainant, that the property in question was accumulated by the joint effort of complainant and defendant, that the corporation was a mere matter of convenience for the transaction of the laundry and dry cleaning business, and that it was owned exclusively by complainant and defendant.

In this we do not overlook the contention of appellant with reference to the alleged interest of his sister, Laura Tryon and his mother, Mary Lamoureux in the corporation. It is sufficient answer to this contention to say that the chancellor was not impressed with the bona fides of their claim and a diligent search of the record shows no reason why we should overthrow his finding on this point.

Appellant also contends that the attorneys fees and separate maintenance awarded complainant are excessive and

should be reduced. The answer to this contention is that when a man and his wife have slaved for years to accumulate a valuable estate and the man precipitates a suit for separate maintenance on the part of his wife he goes out for an expensive luxury, and is on notice that the tariff is high—just as high as if he were going out for a mink coat or a rare jewel. It is not a commodity on which some agency is authorized to place a ceiling price as if it were a package of breakfast bacon. Every case is a rule unto itself and turns on the value and nature of the property, the proportion that each spouse is entitled to and the extent to which the estate has been "gummed up" to complicate the adjudication. It proceeds on the theory that one spouse is entitled to eat as much and as well as the other and taking these elements into consideration, we cannot see that error was committed as to factual findings. If it develops that the judgment is for any reason inequitable, ample power resides in the chancellor to correct it.

It is our view, however, that paragraphs four and five of the final decree adjudicating the complainant to be the owner of an undivided one half interest in the land held in trust by La Mont Inc., and the owner of a one-half interest in other lands held by defendant in trust for the plaintiff was erroneous and will have to be revised. It leaves part of the estate in the wife and part of it in the corporation, it having been made to appear that both parties had conveyed to the corporation.

It is our view that the husband and the wife own all the property by the entireties so long as they are not divorced. This is true whether the property is in or out of the corporation. If the conveyance to the corporation was ineffectual, the parties then reverted to an estate by the entireties in all the property accumulated.

In this conclusion we have not overlooked the application of appellee for attorney's fees. It is our view that the fees awarded by the chancellor were reasonable and we find no reason to enlarge them at this time.

The judgment is therefore reversed with directions to modify the final decree to conform to the views expressed in this opinion.

Affirmed in part and reversed in part.

CHAPMAN, C. J., BROWN, BUFORD and SEBRING, JJ., concur.

THOMAS and ADAMS, JJ., dissent.