The appellee-wife brought suit for separate maintenance, and besides praying for temporary and permanent alimony asked that title to a certain parcel of property, vested in her stepson, be declared held by him in trust for her, and that her interest in other properties in the control of her husband be determined.
The court decreed that the stepson held the one tract as trustee for the husband and wife and should convey it to them as "tenants in common"; that the husband held four houses, operated by him as rooming houses, and a mortgage, on which monthly payments were being made to him, as trustee for himself and the plaintiff; that the husband should account monthly for the net proceeds of all these properties and should pay to the wife one-half of them. The husband, under the decree, would be entitled to a credit of one-half the net proceeds received by the plaintiff-wife for rentals on still another piece of property owned by the parties as an estate by the entireties and not included in the property which we have described.
There is no need to give the incidents leading to the separation and the institution of this suit because the record of them *Page 711 
does not afford a basis for any of the questions propounded by the appellants.
The complainant and the defendant-husband moved to Florida many years ago, with a limited capital of $500. By their industry and their frugal habits they prospered, and at the time the suit was brought he had purchased one valuable piece of property, evidently from funds accumulated by both, and had placed the title in the name of his son. They had bought a home, parts of which were rented to roomers, and had taken the title in their joint names, creating an estate by the entireties; had rented four other houses which they were subrenting to roomers; had acquired a mortgage that was being discharged by periodic payments. At the time of their marriage the man had several sons by a former wife, and he and the appellee now have a daughter of their own.
It is the appellants' position that the income from the properties constituted an estate by the entireties to which the husband was entitled and which could not be partitioned as long as the marriage relationship existed.
In Lamoureux v. Lamoureux, 157 Fla. 300, 25 So.2d 859, the court approved a final decree adjusting the interests of a man and his wife in certain property, although the suit was one for separate maintenance and no divorce was sought. It should be said parenthetically that that suit was based on the statute where a cause for divorce was alleged to exist, Section 65.09, Florida Statutes 1941, and F.S.A., while the present suit was one apparently based on the statute providing for separate maintenance unconnected with a cause for divorce, Section 65.10, Florida Statutes 1941, and F.S.A., a difference which does not amount to a distinction in treating of the principle presently involved.
It is true that in the cited case the court decided that real property held as an estate by the entireties could not be partitioned between the parties so long as the marriage relationship existed, but, of course, in the instant litigation this particular point does not arise because we are immediately concerned with the status of the proceeds of a mortgage and of the rents both man and wife were receiving.
We are not convinced that the income from the rented property, considering the manner in which it came into being as a result of the joint efforts of the parties, constituted an estate by the entireties which could not be divided in this suit, but are rather of the view that this may be done as it was in Lamoureux v. Lamoureux, supra.
We long ago recognized estates by the entireties in personal as well as real property. Bailey v. Smith, 89 Fla. 303, 103 So. 833, later cited in Dixon v. Becker, 134 Fla. 547, 184 So. 114, and Rader v. First National Bank in Palm Beach, Fla., 42 So.2d 1. In the first of these, there appears a reference to 1 Tiffany on Real Property (2d Ed.). From this authority and our decision adopting it the conclusion is drawn that the predominant factor in determining the existence of such a tenancy is the intention of a husband and wife at the time it is supposed to have been created.
In the instant case there is a dearth of evidence that such an estate was intended to be created and to be enlarged from time to time as the interests of the husband and wife expanded. From our study of the record, nothing is revealed save the ordinary situation where a man and his wife from their united work and industry accumulate wealth.
We conclude that the rents received by the husband from the rooming houses do not constitute an estate by the entireties and the chancellor was authorized to adjust their interests in this income.
As for the rents collected by the wife from the occupants of rooms in the home, a distinction arises, for this real property is an estate by the entireties. There is authority for the proposition that income from such an estate is itself in the same category. Under the decision in Lamoureux v. Lamoureux, supra, the whole income from this source could be awarded the wife, and although, from a technical standpoint, it could not be divided, we do not comprehend how the husband can complain, because as a matter of accounting he was allowed to reduce the wife's share *Page 712 
of the rents he collected from the other properties and from the mortgage in an amount equal to one-half the proceeds of rentals for rooms in the home.
There is no need to elaborate upon the use of the term "tenants in common," quoted at the outset from the decree ordering a deed from the stepson to his father and stepmother, instead of words establishing an estate by the entireties in that particular parcel of land, because a decision of that matter is not urged in this appeal.
Affirmed.
ADAMS, C.J., and TERRELL and ROBERTS, JJ., concur.