89 So.2d 353 (1956)
Lewis L. BREDIN, Appellant,
v.
Natalie Berthold BREDIN, Appellee.
Supreme Court of Florida. Division B.
July 13, 1956.
Rehearing Denied October 1, 1956.
R. Lawrence Siegel, New York City, Leonard Pepper and Turnbull & Pepper, Tallahassee, for appellant.
Jerry Giesler, Beverly Hills, Cal., and Upchurch, Melton & Upchurch, St. Augustine, for appellee.
THORNAL, Justice.
Appellant Lewis L. Bredin, who was plaintiff below, seeks reversal of a decree of the Chancellor awarding separate maintenance to appellee Natalie Berthold Bredin, who was defendant below, in a divorce proceeding.
Several questions are presented but the critical point for determination is whether alimony in lump sum can be awarded on a claim by a wife for separate maintenance unconnected with divorce.
*354 After seven years of marriage, appellant Lewis L. Bredin filed his complaint for divorce against appellee Natalie Berthold Bredin asserting that he was "a loving and dutiful husband" and that the appellee was guilty of extreme cruelty. Appellee answered and counterclaimed, denying her own guilt and asserting that the appellant was guilty of habitual intemperance, desertion for more than one year, extreme cruelty and a violent and ungovernable temper. She claimed separate maintenance but did not seek a divorce, although she alleged grounds for divorce. Section 65.09, Florida Statutes, F.S.A.
For all practical purposes a detailed delineation of facts is unnecessary to our decision. It is typical of many cases of a relatively wealthy man in the middle years marrying a woman some twenty years his junior. It was not the first voyage on the sea of matrimony for either of them and apparently with some degree of consistency their journeys had been rather stormy. It was the third time that she had embarked on these troublesome waters and the fourth for him.
He contended that appellee claimed that she was too young and attractive to spend her life with one so old as he, and he asserted that she was more interested in her race horses and the paddock than she was in a husband and the domestic hearthstone. On the other hand, it was her claim that he repeatedly traveled the primrose path of dalliance finding comfort and consolation in the receptive arms of other women. Judging from the evidence, she had some foundation for her suspicions. Be that as it may, after a multiplicity of pleadings in the sparring stages, the Chancellor in the ultimate agreed with the appellee and, with some degree of generosity in the disposition of the appellant's worldly goods, awarded to the appellee the relief which she sought by her counterclaim, and in effect, by the final decree, denied appellant's claim for divorce.
In summary the appellee-wife was awarded $200,000 in lump sum as permanent alimony for support and maintenance. She was given a judgment for $5,975, representing accummulated delinquencies in payment of temporary alimony pending the suit; appellant was directed to pay some $8,000 due on the mortgage against the $80,000 homeplace jointly owned by the parties in California, and in addition a fee of $12,000 to appellee's attorneys, plus the costs of this litigation. Being displeased with this disposition of the matter, the appellant seeks reversal of this decree.
Despite the obviously heated contest every stage along the way in the trial court, the only contention tendered by appellant in his briefs is that the Chancellor had no authority to award alimony in lump sum in a proceeding for separate maintenance unconnected with divorce. As to be expected, the appellee contends that the Chancellor had adequate authority to make the award particularly in view of her contention that appellant is a wanderer and philanderer and could not be expected to meet the obligations of the decree if the alimony were awarded in installments.
We pretermit any discussion of those aspects of the decree which direct payment of accummulated arrearages, payment of the mortgage balance due on the California house, payment of attorneys' fees and court costs. Appellant does not argue for reversal of these elements in his briefs and we, therefore, are not called upon to consider them. Likewise, appellant offers no contention with reference to the denial of relief to him on his claim for divorce or the basic finding that appellee is entitled to separate maintenance unconnected with divorce. Although it is contended that the amount of the lump sum award is exorbitant, our disposition of the fundamental question as to whether the Chancellor had authority to award alimony in lump sum in this type of case disposes of the related question as to the amount of the award.
We must dispose of a preliminary problem before reaching the crux of this controversy. Because of a wilful failure and refusal to *355 respond to a notice for the taking of his deposition under former Equity Rule 47, Florida Rule of Civil Procedure 1.31, 30 F.S.A., appellant's answer to appellee's counterclaim was stricken and a decree pro confesso on the counterclaim was entered against him. On the facts revealed by a careful examination of the record, this action was sustained by this court. See Bredin v. Bredin, Fla., 89 So.2d 357; also see Kaufman v. Kaufman, Fla. 1953, 63 So.2d 196.
Appellee now contends that because of the decree pro confesso against appellant, he cannot now question the rulings of the Chancellor as reflected by the final decree. With this contention we cannot agree. A decree pro confesso admits the factual allegations of the complaint but it does not endow a trial court with power to enter a decree which neither the pleadings nor the law applicable authorize him to enter.
The assault on the final decree here challenges the power of the Chancellor to enter the decree that he did enter. This appeal presents a question of law inviting the decision of this court on the basic power of the Chancellor to enter the type of decree under consideration. The right of the appellee to receive separate maintenance is not questioned. The decree pro confesso admits that. The final decree, however, remains subject to question as to the amount awarded or as to whether the law permits an award in gross or lump sum. Minick v. Minick, 111 Fla. 469, 149 So. 483; Phelan v. Phelan, 12 Fla. 449.
We come to the main question as to whether alimony in a lump sum can be awarded in an action for separate maintenance unconnected with divorce pursuant to Section 65.09, Florida Statutes, F.S.A. Alimony, which apparently is a derivative of the alimentum of the civil law, was designed primarily to provide food, clothing, habitation and other necessaries for the support of the wife. It is an allowance which a husband may be compelled to pay his wife for her maintenance when living apart from him, either pursuant to a decree of divorce or a decree of separate maintenance unconnected with divorce. Floyd v. Floyd, 91 Fla. 910, 108 So. 896; Jacobs v. Jacobs, Fla. 1951, 50 So.2d 169.
Section 65.08, Florida Statutes, F.S.A., provides for alimony in connection with a decree of divorce. As originally enacted, it made no provision for so-called "lump sum" payment of alimony. By Chapter 23894, Laws of Florida 1947, Section 65.08, Florida Statutes, relating to alimony in connection with divorce, was amended and a lump sum payment was authorized. Prior to the 1947 enactment, alimony even in connection with divorce was required to be paid in periodic installments and a lump sum award was not authorized. Phelan v. Phelan, 12 Fla. 449; Welsh v. Welsh, 160 Fla. 380, 35 So.2d 6.
Separate maintenance or alimony unconnected with divorce is governed by Section 65.09, Florida Statutes, F.S.A., pursuant to which the appellee proceeded in the case before us. This section reads:
"If any of the causes of divorce set forth in § 65.04 shall exist in favor of the wife, and she be living apart from her husband, she may obtain alimony without seeking a divorce upon bill filed and suit prosecuted as in other chancery causes; and the court shall have power to grant such temporary and permanent alimony and suit money as the circumstances of the parties may render just; but no alimony shall be granted to an adulterous wife."
We find no legislative authorization for the award of alimony or separate maintenance in lump sum in a proceeding unconnected with divorce. While there are authorities to the effect that independently of statute equity has jurisdiction to award separate maintenance to a wife who is justifiedly *356 living apart from her husband, these authorities clearly hold that such separate maintenance shall be in the form of periodic payments and not in a lump sum. There is both logic and justice in this conclusion. While a divorce decree brings about a termination and final disposition of the marriage relationship, a separate maintenance decree recognizes the continuation of the marriage relationship, the continuing right of the wife to participate in her husband's estate on his death, as well as the possibility of a reconciliation that will end the necessity for the separate maintenance award.
Although some cases can be found to the contrary, we are of the view that the better holding is that in a separate maintenance proceeding the courts deal only with the incomes of the parties and should not divest either of the corpus of his estate. While it remains the duty of the husband to provide for the wife in a fashion consistent with her need and his financial ability, taking into consideration the station in life which the parties occupy, there appears to be no justification in a separate maintenance proceeding unconnected with divorce to divide up the husband's assets and deliver a portion of them in bulk to the wife while simultaneously continuing the marriage relationship and leaving vested in her all of her rights as a wife in the husband's remaining assets. Clisby v. Clisby, 160 Ala. 572, 49 So. 445; Anderson v. Anderson, 140 Okla. 168 282 P. 335, 74 A.L.R. 1231; Avery v. Avery, 236 Iowa 9, 17 N.W.2d 820; Kusel v. Kusel, 147 Cal. 57, 81 P. 295, 296. In the California case last cited that court referred to the opinion of this court in Phelan v. Phelan, supra, and, after announcing the same rule which we announce herewith, stated that "It is well understood that alimony in gross is not allowed unless it is authorized by some statute."
Although in a separate maintenance proceeding the property rights of husband and wife in the income from estates by the entireties may be adjusted (White v. White, Fla. 1949, 42 So.2d 710), we have heretofore held that in such a proceeding a division of the husband's property and transfer of title to a portion thereof to the wife is not proper, even though he might properly be required to provide living accommodations for her. Randall v. Randall, 158 Fla. 502, 29 So.2d 238.
Appellee contends that in the instant case the lump sum award was justified because of the tendency of appellant to move from place to place and the difficulties that would be encountered in enforcing a decree for periodic payments of support money. The conclusive answer to the contention is that the Florida Statute does not allow a lump sum payment in a proceeding for alimony unconnected with divorce and we are not authorized to insert such a provision in the governing statute.
Attention is invited to the provisions of Section 65.11, Florida Statutes, F.S.A., which authorizes a Chancellor to issue writs justified by the nature of the case and also to enter such orders as will establish some security for the payment of the alimony awarded. See American Surety Co. of New York v. Gedney, 123 Fla. 703, 167 So. 355; and Stern v. Stern, Fla. 1954, 75 So.2d 810.
For the reasons stated, insofar as the decree appealed from awards alimony in lump sum to the appellee, the same must be and it is hereby reversed and the cause is remanded for further proceedings in accordance with this opinion.
DREW, C.J., THOMAS, J., and ANDERSON, Associate Justice, concur.