108 So.2d 510 (1959)
Herbert N. NAURISON, Appellant,
v.
Rita NAURISON, Appellee.
No. 58-378.
District Court of Appeal of Florida. Third District.
January 8, 1959.
Rehearing Denied February 2, 1959.
Eugene Tannenbaum, Miami Beach, for appellant.
George H. Henry, Miami, for appellee.
HORTON, Judge.
The appellant-husband appeals from a final decree in an action for alimony unconnected with divorce. The decree contained the following pertinent adjudications in favor of the wife: (1) an undivided one-half interest in the marital home, held as an estate by the entireties; (2) equitable *511 ownership of eleven shares of corporate stock held in the name of the husband or the proceeds from the sale thereof; and (3) a permanent injunction against the husband, preventing him from molesting or communicating with her. There was other relief granted the wife, such as weekly alimony, counsel fees, and costs, but we deem the above enumerated portions of the decree to be essential to our determination of this appeal.
Five points have been argued by the appellant in his brief, but we consider the pivotal points of the appeal to be a determination of the chancellor's authority to adjudicate property rights in an action for alimony unconnected with divorce, and the granting of the permanent injunction.
Section 65.09, Fla. Stat., F.S.A., provides:
"If any of the causes of divorce set forth in § 65.04 shall exist in favor of the wife, and she be living apart from her husband, she may obtain alimony without seeking a divorce upon bill filed and suit prosecuted as in other chancery causes; and the court shall have power to grant such temporary and permanent alimony and suit money as the circumstances of the parties may render just; but no alimony shall be granted to an adulterous wife."
The husband's legal duty to support his wife is a continuing obligation so long as the marriage exists and can be enforced by the wife under the circumstances and conditions provided by the statute. One obvious implication of a decree under this statute is a recognition of the continuance of the marital status and the possibility of a future reconciliation. The main objective of such an action by the wife is to establish that she has grounds for divorce, is living apart from her husband, and is in need of support which the husband is financially able to provide. Such an action does not contemplate or permit a resolution of their interests in jointly held property or property held by the husband in which the wife claims an interest. The Supreme Court of Florida, in our opinion, placed at rest any question theretofore existing as to the authority of a chancellor to adjudicate such property rights between a husband and wife in an action such as this when, in Bredin v. Bredin, Fla. 1956, 89 So.2d 353, 356, 61 A.L.R.2d 942, it said:
"* * * While a divorce decree brings about a termination and final disposition of the marriage relationship, a separate maintenance decree recognizes the continuation of the marriage relationship, the continuing right of the wife to participate in her husband's estate on his death, as well as the possibility of a reconciliation that will end the necessity for the separate maintenance award.
"Although some cases can be found to the contrary, we are of the view that the better holding is that in a separate maintenance proceeding the courts deal only with the incomes of the parties and should not divest either of the corpus of his estate. While it remains the duty of the husband to provide for the wife in a fashion consistent with her need and his financial ability, taking into consideration the station in life which the parties occupy, there appears to be no justification in a separate maintenance proceeding unconnected with divorce to divide up the husband's assets and deliver a portion of them in bulk to the wife while simultaneously continuing the marriage relationship and leaving vested in her all of her rights as a wife in the husband's remaining assets."
It may be that the chancellor was of the view that the awards made to the wife of jointly held property and property held by the husband was justified as a lump sum award of alimony, but even on that basis it could not be sanctioned. The Supreme Court of Florida in the Bredin case commented specifically on this point:
"Appellee contends that in the instant case the lump sum award was *512 justified because of the tendency of appellant to move from place to place and the difficulties that would be encountered in enforcing a decree for periodic payments of support money. The conclusive answer to the contention is that the Florida Statute does not allow a lump sum payment in a proceeding for alimony unconnected with divorce and we are not authorized to insert such a provision in the governing statute."
We therefore conclude that the decree, insofar as it awards weekly permanent alimony to the wife, as well as the use and maintenance of an automobile, the right to live separate and apart from her husband, his obligation to pay delinquent mortgage and tax payments on the marital residence, and the award of counsel fees and costs, was proper and is affirmed. The remaining portions of said decree are reversed.
Affirmed in part and reversed in part.
PEARSON, J., and BARNS, PAUL D., Associate Judge, concur.