132 So.2d 623 (1961)
Herbert N. NAURISON, Appellant,
v.
Rita NAURISON, Appellee.
No. 61-393.
District Court of Appeal of Florida. Third District.
September 7, 1961.
Eugene Tannenbaum, Miami, for appellant.
George H. Henry, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and HENDRY, JJ.
PER CURIAM.
This is an interlocutory appeal from an order denying the appellant's motion to dismiss the complaint of the appellee.
The parties are husband and wife, living apart under a decree for separate maintenance unconnected with grounds for divorce.
Appellee-wife sued, in a separate suit, in chancery, for partition of certain real estate and personal property owned by them as an estate by the entireties. The pertinent allegations in her complaint are, in effect, as follows: that her husband has failed *624 to comply with the terms of the decree of the circuit court requiring him to pay monthly installments of principal and interest in the amount of $152 on the mortgage lien on said property and $90 per week for her support and maintenance; that by reason thereof, he is in arrears in the sum of $10,846.67. She further alleged that her husband abandoned her physically and financially and that she is unable to provide for herself or maintain the property; that the mortgage is in default and is subject to foreclosure suit being brought against the property.
She prayed in her complaint that the property owned by them as an estate by the entireties be partitioned and that 50% of the proceeds, after costs and attorney fees, be paid unto her, and that she be paid, from the remainder, all amounts due her on the final judgment she has against her husband in the sum of $10,846.67, and remaining sums, if any, be held by the court for further order.
The defendant-husband moved to dismiss the complaint on the ground that the complaint, on its face, admits that the parties own the property in question as an estate by the entirety and that right of partition does not lie against property so held.
It is our view that the chancellor should have granted the defendant's motion to dismiss the complaint, as the allegations therein failed to state a cause of action upon which relief can be granted, because the complaint seeks to partition property owned by the parties as an estate by the entireties.
An estate by the entireties is an estate held by husband and wife together so long as both live, and after the death of either by the survivor, so long as the estate lasts. It is an estate held by husband and wife by virtue of the title acquired by them jointly after marriage. The essential characteristic of an estate by the entireties is that each spouse is seized of the whole or the entirety, and not of a share, moiety, or divisible part. There can be no severance of the estate by the act of either, and no partition of the property during their joint lives. So long as the marriage exists between the parties this property which they hold as tenants by the entireties will not be subject to partition. See Bailey v. Smith, 89 Fla. 303, 103 So. 833; Lamoureux v. Lamoureux, 157 Fla. 300, 25 So.2d 859; Naurison v. Naurison, Fla.App. 1959, 108 So.2d 510; Bredin v. Bredin, Fla. 1956, 89 So.2d 353, 61 A.L.R.2d 942.
The order appealed from is reversed and the cause is remanded for entry of an order dismissing the complaint, without prejudice to her right to pursue such other remedies as law and equity afford her.
Reversed with directions.