HENDRY, Judge.
The appellant was defendant and counter-claimant in a suit in which his wife, the appellee, sued for separate maintenance unconnected with divorce as provided by § 65.09, Fla.Stat., F.S.A. The appellant denied the salient allegations of the complaint and counter-claimed for a divorce on the ground of extreme cruelty. The appellee denied the counter-claimant’s charges.
Upon hearing, the chancellor decreed that the equities were with the wife and that the husband’s counter-claim for divorce be dismissed. The decree further provided that the husband pay unto his wife the sum of $50.00 per week for her support and the support of their three minor children whose custody was awarded to her; that the titles to the home occupied by his wife and children and a tract of land in Massachusetts (both owned by the parties as tenants by the entireties) be transferred by proper warranty deed from the husband to the wife, vesting title to the said properties in her absolutely in fee simple. There was also an award of $500.00 to the wife as reasonable attorneys’ fees.
The appellant contends: (1) That there was not sufficient evidence to support the *300 decree in favor of the wife; (2) that a decree should have been entered for the appellant on his counterclaim for divorce; (3) ¡that it was prejudicial error to decree a division of the properties held by the parties as tenants by the entireties.
We find no merit in appellant’s contentions 1 and 2. The chancellor’s findings with respect to the wife’s right to a decree for separate maintenance under § 65.09, Fla.Stat., F.S.A., custody of the children and attorneys’ fees are fully supported by the evidence. He also correctly found that there was not sufficient evidence to support the appellant-husband’s counterclaim for divorce.
The chancellor’s findings on the facts will be accorded the same weight as the verdict of a jury, and a decree solely on questions of fact will not be disturbed unless the evidence clearly shows that it was erroneous. Cobb v. Cobb, 82 Fla. 287, 89 So. 869.
The appellant next contends that it was prejudicial error to decree a division of the property held by the parties as tenants by the entireties. As to this point, we find the appellant’s position to be well taken and fully supported by the rulings of our appellate courts. As was stated by our Supreme Court in Bredin v. Bredin, Fla. 1956, 89 So.2d 353, 61 A.L.R.2d 942:
“We find no legislative authorization for the award of alimony or separate maintenance in lump sum in a proceeding unconnected with divorce. While there are authorities to the effect that independently of statute equity has jurisdiction to award separate maintenance to a wife who is justifiedly living apart from her husband, these authorities clearly hold that such separate maintenance shall be in the form of periodic payments and not in a lump sum. There is both logic and justice in this conclusion. While a divorce decree brings about a termination and final disposition of the marriage relationship, a separate maintenance decree recognizes the continuation of the marriage relationship, the continuing right of the wife to participate in her husband’s estate on his death, as well as the possibility of a reconciliation that will end the necessity for the separate maintenance award.
“Although some cases can be found to the contrary, we are of the view that the better holding is that in a separate maintenance proceeding the courts deal only with the incomes of the parties and should not divest either of the corpus of his estate. While it remains the duty of the husband to provide for the wife in a fashion consistent with her need and his financial ability, taking into consideration the station in life which the parties occupy, there appears to be no justification in a separate maintenance proceeding unconnected with divorce to divide up the husband’s assets and deliver a portion of them in bulk to the wife while simultaneously continuing the marriage relationship and leaving vested in her all of her rights as a wife in the husband’s remaining assets.”
In Naurison v. Naurison, Fla.App.1959, 108 So.2d 510, which was also a suit for separate maintenance unconnected with divorce, this court held: “Such an action does not contemplate or permit a resolution of their interests in jointly held property or property held by the husband in which the wife claims an interest.”
For the reasons stated, that part of the decree appealed from which orders the appellant to transfer his interests in the real estate to the appellee, must be and is hereby reversed. In all other respects the decree is affirmed.
Notwithstanding the holding in the Bredin and Naurison cases, supra, with regard to the lump sum awards under § 65.09 there is no legal reason why a home which is owned by husband and wife as an *301 estate by the entireties can not be awarded to the wife for use by the wife and children as part of their separate maintenance, if the decree does not affect the title to said property. Randall v. Randall, 158 Fla. 502, 29 So.2d 238.
The chancellor was no doubt influenced in determining the amount of weekly support for the wife and children by the lump sum awards which we have just reversed. In view of this likelihood, this cause is remanded with directions to the chancellor to make such other or further order with reference to alimony and support, after notice and hearing, as may appear necessary and appropriate because of our reversal of the provision of the decree relating to the real estate.
Affirmed in part, reversed in part, and remanded with directions.