THOMAS, Justice.
The petitioner, Rosa Smith, filed a complaint in the Circuit Court of Dade County seeking separate maintenance and related relief. She alleged that during the preceding year the respondent, her husband, had made a gift to her of a savings account of $6000, and had delivered to her the pass book. She averred that late in that year he had withdrawn the money from the account without presenting the book, by the device of furnishing the bank an affidavit that it had been lost or misplaced, he well knowing, so it was charged that she had the book as he, himself, had delivered it to her.
*698 All these allegations were denied in the respondent’s answer, and in addition, by counterclaim, he asked that the money meanwhile impounded by court order, be restored to him and that he be granted a divorce. In the reply to the counterclaim the petitioner stated the sum represented a loan on real estate the parties jointly owned and that she had executed with her husband the mortgage securing the loan.
At the time the petitioner took the position that the funds should be redelivered to her because the money had been a gift to her by her husband and further for the reason that half of it was her’s anyway. The respondent, of course, refuted all this.
The chancellor sided with the petitioner, dismissing so much of the counterclaim as contained a prayer for divorce, setting aside an antenuptial agreement, granting to the petitioner exclusive possession of certain real estate which constituted the home, fixing weekly payments for separate maintenance, restoring to her the full amount of the disputed deposit, and awarding a fee to her attorneys.
The respondent took the case to the District Court of Appeal where two problems emerged, one in respect of the right to the deposit, the other in regard to the use of the residence. The decree so far as it related to the occupancy of the home was affirmed; the part determining the ownership of the savings account was reversed. The latter conclusion, the court decided, was improper in a proceeding under Sec. 65.09, Florida Statutes, F.S.A., providing for alimony unconnected with divorce at suit of the wife when she is living apart from her husband, and ground of divorce, however, exists. The statute specifies that the court is empowered, in such a case to award alimony, temporary and permanent, to a wife who is not adulterous, and suit money, nevertheless this court has held the power detailed does not so restrict the chancellor’s jurisdiction that he cannot deal with a quarrel about the ownership of personal property. Randall v. Randall, infra.
The District Court of Appeal in an opinion, 151 So.2d 448, which is a model of clarity and brevity invoked the general rule that a chancery court cannot in an action under Sec. 65.09, Florida Statutes, F. S.A., adjudicate property rights of persons, whose marriage relationship had not been dissolved citing to support the view Bredin v. Bredin, Fla., 89 So.2d 353, 61 A.L.R.2d 942, and Naurison v. Naurison, Fla.App., 108 So.2d 510.
The court concluded that the wife, petitioner, was not entitled to a determination of her right to the bank deposit in a< suit of this nature, and added that the award to her of the fund could not be considered' an allowance of alimony in a lump-sum as. that could be done only in a decree for divorce. Sec. 65.08, Florida Statute, F.S.A., Bredin v. Bredin, supra.
To repeat, the court found no fault with' that part of the decree securing to her as. shelter exclusive occupancy of the residence-inasmuch as this was in the nature of separate maintenance, Randall v. Randall, 158 Fla. 502, 29 So.2d 238, the husband’s title-not having been disturbed and no adjudication of property rights having been attempted.
The petitioner makes here the direct-charge that the decision rendered in the case conflicts with the one in Randall v. Randall, supra, because the court referred' “to an adjudication of property rights which were not involved in the case at bar, but as in the Randall case, * * * [there was but] a dispute between the parties as to the ownership of personal property.”' The petitioner also claims that a conflict between the opinion in this case and the one in the Randall case arose because the respondent himself submitted to the court the adjudication of the issue in respect of the ownership of the savings account and should not, therefore, under the ruling in the latter, be heard to complain.
In fine, the petitioner tells this court the law is well established that in separate maintenance suits the court cannot, with *699 the marriage relationship extant, “divide up” the assets of the husband. She insists that the Bredin and Naurison cases are inapplicable to the present controversy since the instant case involves only a contest over personal property.
This sends us direct to further study of the Randall decision to gauge the merits of the contention that there is a distinction between the contest over a property settlement and one affecting a claim to personal property.
In the Randall case appears the statement in clear language that there had been no involvement of a property settlement but only an adjudication of a dispute about the ownership of some shares of stock purchased by a husband and placed in his wife’s name with the intent, so he averred, of reclaiming it upon his return from service in the armed forces overseas. The court added the significant observation that the husband had submitted to the court the issue relative to the stock and was in no position to complain, presumably about the propriety, of the court’s resolution of it.
In Bredin v. Bredin, supra, we find no statement inharmonious with this view. There the court was immediately concerned with the validity of a grant of alimony in a lump-sum. This was thought to be the “main question” and it was stated that there was no legislative authority for such an award in a proceeding unconnected with ■divorce.
In Naurison v. Naurison, supra, it was held by the District Court of Appeal, Third District, that an action for separate maintenance did not permit a resolution of the interests of husband and wife in jointly held property, or property held by the husband in which the wife claimed an interest.
In White v. White, Fla., 42 So.2d 710, it was held that the chancellor, in a separate maintenance suit could adjust the interests of husband and wife in rentals from properties acquired by the joint efforts of the spouses.
We(gather from a study of relevant decisions that so long as the marriage relationship exists, as it does when Sec. 6S.09, supra, is invoked, there can be no liquidation, so to speak, of tire husband’s property, but that the rule does not prevent an adjudication of a dispute such as was present in the Randall case, involving shares of stock, and this case, involving a bank deposit.
We revert to the statement in Randall v. Randall, supra, about submission of the issue to the court by the husband. That same situation seems to obtain here. The record reveals that the husband by counterclaim resisted his wife’s claim to the bank deposit and, as we interpret, the record, joined issue on the status of the money. He cannot at this late date complain of the outcome or, rather, of the court’s deciding the outcome.
 We are convinced that sufficient conflict arose to vest jurisdiction of this court, so under our decisions we are privileged to explore the merits of the controversy. We agree that the District Court of Appeal was correct in holding that there was no impropriety in the chancellor’s decree dealing with the residence of the parties so that it would be devoted to shelter for the wife. But we cannot approve the decision disposing of the aspect of the case having to do with the determination of the savings account. We are not disposed to recede from the decision in Randall v. Randall, supra, and our re-examination of that opinion convinces us the one of the District Court of Appeal in the instant case does not accord with it. We discern no real difference in principle between the stock there considered and the account involved here. Nor do we find any inconsistency among the decisions of this court which we have cited.
It seems we have recognized a distinction between an adjudication in a separate maintenance suit, of property rights which would disturb the title of a party and *700 liquidate the affairs of a couple still wedded, and the settlement of an argument over personal property actually, or apparently, claimed by both spouses. It is our view that the present cause falls in the latter category. We are, therefore, constrained to quash the portion of the decision of the District Court of Appeal which upsets the chancellor’s decree that the savings account was the sole and exclusive property of the petitioner, Rosa Smith.
This opinion likewise disposes of the cross-petition of the husband who complains about the too-generous award of the residence to the wife.
Affirmed in part and reversed in part.
DREW, C. J., and ROBERTS, O’CON-NELL and CALDWELL, JJ., concur.