**BETH W. CORPORATION, a Florida corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 72-213.

United States District Court,
S. D. Florida,
Miami Division.

Nov. 24, 1972.

Samuel L. Heller, of Johnson, Heller & Birnbaum, P. A., Fort Lauderdale, Fla., for plaintiff.

Robert W. Rust, U. S. Atty., and Clemens Hagglund, Asst. U. S. Atty., Miami, Fla., Jay R. Weill, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

ATKINS, District Judge.

This income tax refund suit is before the Court following a jury trial of certain issues. At the time of the pretrial conference, ruling on defendant's motion for partial summary judgment was reserved by the Court, pending further inquiry as to whether any factual issues remained on the question of the tax implications of the 1957 property settlement agreement.

Plaintiff and defendant have now agreed that the question posed, whether or not the division of the property under the 1957 property settlement agreement was a non-taxable division of property between co-owners under United States v. Davis, 370 U.S. 65, 82 S.Ct. 1190, 8 L.Ed.2d 335 (1962), should be submitted to the court for decision. This submission is based on the agreement of the parties that this mixed question of law and fact is approximately 97% law and 3% fact. After consideration of all the evidence adduced at trial, it is clear that the defendant is entitled to judgment as a matter of law.

The relevant facts of this case may be recited briefly as a foundation for discussion of the legal question posed. The plaintiff, Beth W. Corporation, which was incorporated in 1962, is owned by Jewell Waldrep, its president. Jewell and Wiley Waldrep were married on January 24, 1927. On December 20, 1957, pursuant to a property settlement agreement entered into on December 18, 1957 during their divorce proceedings, each of the Waldreps conveyed to the other certain real properties owned by them. Later, on May 17, 1963, Jewell Waldrep transferred to the plaintiff corporation, in exchange for all of the corporation's common stock, 796.27 acres of the land she had received from her husband in the property settlement. On August 31, 1964, the plaintiff sold 40 of these acres for $113,100. At issue here is the amount of the income tax liability resulting from said sale. It is stipulated that plaintiff's May 17, 1963 basis in the land it acquired from Jewell Waldrep was the same as her basis in the land at the time of the transfer to the plaintiff.

This Court must determine the basis of that land in the hands of Jewell Waldrep at the time she received it pursuant to the property settlement. The plaintiff argues that her basis was the fair market value of the land on December 18, 1957, the date of the property settlement agreement. The government contends that the basis was the

original cost of the land to Jewell and Wiley Waldrep.

Resolution of this issue depends on whether the distribution of this realty pursuant to the property settlement agreement was, as plaintiff contends, a taxable event or merely a nontaxable division of property between co-owners, as defendant asserts. If the conveyance was a taxable event, the husband should have been taxed on the gain and the wife's basis in the land would become its fair market value at the time of transfer. If, however, the distribution was a nontaxable division of property, the wife took the property with the same basis it had when owned by both husband and wife. The gain created by the appreciation in value of the land would then be subject to taxation upon the occurrence of a subsequent taxable event.

It is agreed that the relevant acreage was held by Jewell and Wiley Waldrep as tenants by the entireties. It is also agreed that the issue posed to the Court for decision requires a comparison between the facts of this case and the facts and rules laid down in United States v. Davis, *supra,* and its progeny.

In *Davis,* the taxpayer, pursuant to a property settlement and separation agreement, transferred to his wife certain personal property. This property was owned by the taxpayer under state law subject to his wife's statutory interest, akin to dower, in the property. Attempting to tax the appreciation in the property value as capital gain realized by the taxpayer upon the transfer to his wife, the Commissioner found a taxable "sale or other disposition" of the property.

Before the Supreme Court the taxpayer argued, as does the government in the case *sub judice,* that the transfer was a nontaxable division of property between two co-owners. This was rejected by the unanimous Court:

The taxpayer's analogy, however, stumbles on its own premise, for the inchoate rights granted a wife in her husband's property by the Delaware law do not even remotely reach the dignity of co-ownership. The wife has no interest—passive or active—over the management or disposition of her husband's personal property. Her rights are not descendable, and she must survive him to share in his intestate estate. Upon dissolution of the marriage she shares in the property only to such extent as the court deems "reasonable."

United States v. Davis, 370 U.S. 65, 70, 82 S.Ct. 1190, 1193, 8 L.Ed.2d 335 (1962). As the Court viewed the state law, "Delaware seems only to place a burden on the husband's property rather than to make the wife a part owner thereof." *Id.*

In Florida, however, the wife's interest in property held by the entireties is considerably greater than a mere liability imposed on the interest of the husband. It is readily apparent that such an interest attains "the dignity of co-ownership," as that phrase is used in *Davis.* The essence of the entireties concept is that each spouse is seised of the whole and not of a share, moiety, or divisible part. *See, e. g.,* Bailey v. Smith, 89 Fla. 303, 103 So. 833 (1925); Naurison v. Naurison, 132 So.2d 623 (Fla.App.1961). Property held as a tenancy by the entireties cannot be partitioned during the marriage of the tenants. *Naurison, supra.* It is not subject to execution to satisfy the debt of either spouse. France v. Hart, 170 So.2d 52 (Fla.App.1964). One spouse alone cannot, without the joinder of the other, convey, sell, lease, or encumber any part of the estate. *See, e. g.,* Montgomery v. Gipson, 69 So.2d 305 (Fla.1954). Upon the death of one spouse, the estate by the entireties is vested by operation of law in the surviving spouse. Upon divorce, the tenants become tenants in common. F.S.A. § 689.15. Surely these features of the estate by the entireties indicate that a wife holding such an interest is, in actuality as well as in theory, a co-owner of the subject property.

Plaintiff, perhaps sensing the weakness of the attempted analogy between the property interest discussed in *Davis* and the Florida estate by the entireties involved here, relies upon certain post-*Davis* cases. It argues that these cases, most notably Pulliam v. Commissioner, 329 F.2d 97 (10th Cir.), cert. denied, 379 U.S. 836, 85 S.Ct. 72, 13 L.Ed.2d 44 (1964), and Hornback v. United States, 298 F.Supp. 977 (W.D.Mo.1969), are more similar to the fact situation *sub judice*.

*Hornback*, however, supports the defendant's characterization of the property settlement agreement. In that case the taxpayer-wife conveyed certain jointly owned property to her husband as part of a property settlement during their divorce. In return the husband gave a note in payment for her surrender of her interest in the real estate. As the district court viewed the transaction:

> the property settlement here in question was a taxable transaction. The parties did not simply divide their jointly owned property. Rather Mrs. Hornback liquidated her interest in the joint property by sale. She sold her interest in the real estate to Mr. Hornback and he paid for it by his note which by the supplemental agreement was payable over a period of years.

Hornback v. United States, *supra*, 298 F.Supp. at 983. The illustrations in *Hornback*, *Id.* at 981–982, describe the case *sub judice*: "If husband and wife literally divide or partition the property . . . so that each just gets his own proper part, there is no taxable transaction involved."

Such an equal division was the essence of the Waldreps' settlement. Wiley Waldrep testified that the basis for the apportionment of property between him and his wife in the property settlement agreement was an attempt to arrive at a 50%–50% division of the jointly owned property, based upon current market values. This valuation is reflected in item 5(7) of the pretrial stipulation. Thus the Waldrep transaction resembles a non-taxable division of property between co-owners. Pulliam v. Commissioner, *supra*, involving a wife's interest in Colorado land owned solely by her husband and very similar to the Delaware interest described in *Davis*, does not mandate a different conclusion.

Accordingly, it is the opinion of the Court that no taxable transaction took place in December of 1957 when Wiley and Jewell Waldrep conveyed certain property to one another. Therefore the basis of the land received by Jewell Waldrep, and ultimately by the plaintiff, was its original cost basis. This basis, the parties have stipulated, was between $11.34 and $15.65 per acre for the 40 acres sold by the plaintiff. The Commissioner correctly assessed a deficiency against plaintiff for capital gains resulting from the sale of the 40 acres. Judgment must therefore be entered for the defendant.

As an alternative basis for deeming the 1957 transaction a non-taxable event, the defendant contended that the property settlement agreement was a non-taxable division of partnership property upon the dissolution of a partnership between Wiley and Jewell Waldrep. Plaintiff contended that no partnership existed. The excellent pretrial stipulation prepared by able counsel made it possible to submit a single question to the jury on this issue. The jury answered special interrogatory Number (1), "Was a partnership formed between Wiley Waldrep and Jewell E. Waldrep during their marriage?" in the negative.

The jury's finding is, of course, not inconsistent with the Court's ruling on the *Davis* issue. Indeed, the jury was instructed, at plaintiff's request, that "the mere fact that a husband and wife hold title to such lands as tenants by the entireties is not sufficient to establish a partnership between the husband and the wife." The jury finding does mean, however, that the judgment for the defendant rests solely on the Court's ruling that the December, 1957 conveyanc-

es constituted a non-taxable division of property between co-owners.

This memorandum contains the Court's findings of fact and conclusions of law pursuant to Rule 52(a), F.R.Civ. P. A separate judgment will be entered in this cause.