PER CURIAM.
This is an appeal of an order of temporary relief in a separate maintenance action. We reverse and remand with direction.
The parties were married in 1983 and have one child. The wife’s petition for separate maintenance and for injunctive relief alleged that the parties lived together until April 21, 1994 when the husband voluntarily removed himself from the marital home, went to Germany and notified the wife he no longer desired to live with her. She further alleged that her husband dismissed all the servants, cancelled all of the wife’s credit cards, closed all joint cheeking accounts, transferred monies to his sole name or his corporation and left the wife with little or no personal funds and threatened to cut her off financially.
The wife then filed a motion for temporary relief alleging that her husband failed or refused to support her and the child in a manner consistent with the standard of living enjoyed throughout the marriage, and that she lacks personal financial resources to meet her monthly expenses and requires support. She alleged that she has severe health problems which eliminate the possibility of work outside the home, and since her marriage, has been entirely dependent on her husband for financial support. The motion details the affluent lifestyle of the couple including homes in Boca Raton and Munich, Germany, five private club memberships, private school education and camp for the child, and vacations in international cities. The wife’s financial affidavit shows that she is a homemaker with, no income, with total monthly expenses of $29,645 including household monthly expenses of $4,775, monthly car expenses of $250, monthly child expenses of $1,755, monthly clothing expenses of $6,000 and monthly entertainment and vacation expenses of $5,000.
The husband answered the petition, stating that the couple are German nationals, temporarily in the United States on tourist visas, denying the wife’s claim of abandonment, and claiming that he had paid family expenses and provided his wife with over $25,000 in a three-month period. He filed a financial affidavit which lists his occupation as investor-entrepreneur, and lists absolutely no liabilities as opposed to total assets in excess of $12,000,000 including almost $1,000,000 in cash — apparently in Germany and Switzerland — $142,000 in stocks, $1,750,000 in corporate notes and $9,000,000 in real property in Florida and Germany. He claimed monthly income of only $803 on these assets of $12,-000,000.
At the hearing on the temporary relief motion, the wife was seeking temporary monthly relief of $25,645. When her husband told her he was closing the accounts, she withdrew $9,000 from a joint account, testifying that she had no financial resources for support of herself and her son, that her husband had given her $4,700 a month for her own expenses when they lived together, that additional funds were needed to meet her and her son’s needs, that her husband had failed to make certain payments for household bills, and that her husband had told her that she had to list her monthly expenses before he would send her additional monies.
*168 The husband conceded that the wife was entitled to relief, but objected to the amount and proposed to continue payment of household expenses. He testified that the home in which the wife and child lived was paid for in cash by one of the husband’s businesses, that the cars are paid for, that he had given her $4,700 per month during the marriage and $25,000 from April through July, and that he intended to continue to pay that amount and all necessary house repairs. He stated that he had already paid household expenses and many of the child’s expenses that were being sought by the wife. He further testified that while the couple lived together he had not paid the monthly expenses outlined in the wife’s financial affidavit, including clothing, entertainment and servant expenses, and reaffirmed that he had no monthly income other than $800 he received from a rental.
The trial court entered a temporary relief order, fashioning an award of temporary relief based on the trial court’s finding that the testimony given at the hearing was not credible. The court stated it distrusted both the husband’s testimony on income and source of revenue, and the wife’s testimony regarding her expenses. The court, however, found that almost one million dollars in cash is available as represented by the husband’s financial affidavit, and that the fairest resolution was to award the wife a lump sum of the available cash to “allow the parties and the minor child to maintain the lifestyle enjoyed by them during the marriage without having to ask each other for assistance,” and to allow the wife to be on equal footing in obtaining and paying for legal representation. The order directs the husband to pay a lump sum of $800,000 temporary alimony and attorney fees and suit costs, to pay health and dental insurance premiums and uncovered expenses of the wife and child as well as life insurance premiums, to pay all of the minor child’s expenses, and awards to the wife temporary exclusive use and occupancy of the home in Boca Raton owned by the husband’s corporation, and use and possession of a car owned by the husband’s company. The wife is responsible for all expenses pertaining to the home accruing or arising on or after July 22, 1994, and car expenses. The wife was awarded primary residential responsibility of the minor child subject to the husband’s reasonable visitation. The trial court denied the husband’s request to stay the order.
Section 61.09, Florida Statutes (1993), governs orders pertaining to alimony and child support unconnected with dissolution and states:
If a person having the ability to contribute to the maintenance of his spouse and support of his minor child fails to do so, the spouse who is not receiving support or who has custody of the child or with whom the child has his primary residence may apply to the court for alimony and for support for the child without seeking dissolution of marriage, and the court shall enter an order as it deems just and proper.
By its fashioning an award to “allow the parties to live whatever lifestyle it is that they are accustomed to without having to ask each other for assistance and will allow the wife to be on equal financial footing with the husband in obtaining and paying for representation during this litigation,” the trial court implicitly found that the wife was not receiving the support she needed from the husband on a voluntary basis to maintain, pendente lite, the lifestyle she had during cohabitation; and that the husband had the ability to provide the required maintenance during the litigation.
However, the supreme court has said in Bredin v. Bredin, 89 So.2d 353, 356 (Fla.1956), that “the Florida Statute does not allow a lump sum payment in a proceeding for alimony unconnected with divorce and we are not authorized to insert such a provision in the governing statute.”
The court did say in Bredin that the statute authorizes the trial court “to enter such orders as will establish some security for the payment of the alimony awarded.” Id. at 356 (citations omitted).
Accordingly, on remand the court is directed to enter an appropriate order which provides for the wife’s periodic temporary alimony and child support as well as temporary attorney’s fees and costs. In addition, the court may consider and enter such order as it *169 deems necessary to secure the payment of same.
DELL, C.J., and GLICKSTEIN and STEVENSON, JJ., concur.